[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13752
Non-Argument Calendar
_____

Agency No. A089-599-906


OSCAR ALEJANDRO CHAVEZ ROMAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 24, 2013)

Before DUBINA, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner Oscar Alejandro Chavez Roman seeks review of the final order of

the Board of Immigration Appeals ("BIA") dismissing his appeal from the

immigration judge's ("IJ") ruling pretermitting his application for cancellation of removal because he lacked the requisite good moral character.  In addition to raising several constitutional issues, he argues that we have jurisdiction over his petition because the good moral character determination was a factual finding.

I.

Chavez Roman, a native citizen of Bolivia, entered the United States on a tourist visa in 1999.  At that time, he was married to a woman from Bolivia.  Chavez Roman divorced his first wife in 2004 and married his second wife, a native of Cuba who, in 2005, had adjusted her status to become a permanent resident of the United States.  In 2006, Chavez Roman applied to have his immigration status adjusted to that of a permanent resident based on his wife's permanent resident status.  Authorities denied his application in 2007, after finding, based on his second wife's statements, that he had entered into the marriage for the purpose of circumventing immigration laws.  Chavez Roman had a child in the United States with his first wife in 2008.

Chavez Roman was served with a Notice To Appear ("NTA") in 2010 alleging that he had remained beyond the expiration of his visa, and he subsequently applied for cancellation of removal under INA § 240A(b), 8 U.S.C. § 1229b(b), arguing that his U.S.-born child would suffer exceptional and

extremely unusual hardship if he was deported.  The government moved the IJ to pretermit his application based on the previous marriage fraud finding.  The IJ ultimately granted the motion in 2011, noting that, based on the apparent fraud concerning his second marriage, Chavez Roman could not establish the good moral character needed to obtain relief.

He appealed, but the BIA dismissed his appeal in 2012, noting that he did not demonstrate that he possessed the required good moral character under "INA § 101(f), 8 U.S.C. § 1101(f)."  Chavez Roman then filed the instant petition for review.

## II.

We have jurisdiction to determine our own jurisdiction and are required to do so whenever jurisdiction may be lacking.  *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005); *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1262 (11th Cir. 2003).  We review whether we have subject matter jurisdiction *de novo*. *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283 (11th Cir. 2007) (citing *Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002)).  When appropriate, constitutional challenges are reviewed *de novo*.  *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003).  We lack jurisdiction to consider procedural due process claims not raised before the BIA, because they are subject to the exhaustion requirement of INA § 242(d)(1), 8 U.S.C. § 1252(d)(1), which is jurisdictional.  *Amaya-*

*Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249-51 (11th Cir. 2006).

Before considering the merits of a petition, "we must first consider whether we have subject matter jurisdiction to hear the petition at all." *Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004). A petition for review must be filed within 30 days after the date of the final order of removal. INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). This deadline is mandatory and jurisdictional and is not subject to equitable tolling. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).

Even where an alien files a timely petition for review, there are certain orders that we do not have jurisdiction to review, pursuant to 8 U.S.C. § 1252(a)(2)(b)(i). This section bars, in relevant part, appellate courts from reviewing denials of discretionary relief related to cancellation of removal under INA § 240A(b), 8 U.S.C. § 1229b, or any other decision over which the Attorney General or Secretary of Homeland Security is granted discretion, other than asylum. INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii). However, § 1252(a)(2)(D) operates to permit review of certain constitutional claims or questions of law. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).

Under INA § 240A(b), the Attorney General has the discretion to cancel the removal of a non-permanent resident if that alien: (1) has continuous physical presence in the United States for ten years; (2) is of good moral character; (3) has

4

not committed certain criminal offenses; and (4) shows that his citizen or legal permanent resident qualifying relative will suffer "exceptional and extremely unusual" hardship.  INA § 240A(b), 8 U.S.C. § 1229b(b).

Section 110(f) of the INA regarding "good moral character" provides several specific or "per se" offenses—such as being a habitual drunkard—which preclude the IJ from finding that the alien has good moral character.  *See* INA § 110(f), 8 U.S.C. § 1101(f).  That section also has a "catchall" provision which states that "any person is not within any of the [per se categories] shall not preclude a finding that for other reasons such person is or was not of good moral character."  *Id.*  We have held that the BIA's denial of cancellation of removal under § 240A based on the catchall good moral character provision is discretionary because the decision "is a matter of judgment not tightly controlled by formula or by hard rules." *Jimenez-Galicia v. U.S. Att'y Gen.*, 690 F.3d 1207, 1210 (11th Cir. 2012), *petition for cert. filed*, 81 U.S.L.W. 3414 (U.S. Jan 10, 2013) (No. 12-846).  We also intimated in *Jimenez-Galacia* that a decision about an alien's good moral character based on one of the per se categories *migh*t be non-discretionary.  *Id.* at 1210 (emphasis added).

Neither the IJ nor the BIA explicitly stated under which part of 8 U.S.C. § 1101(f) it was resolving the question of Chavez Roman's good moral character. Because we are not certain which provision applies, we are unable to determine if

5

we have jurisdiction to review the BIA's order dismissing Chavez Roman's appeal from the IJ's ruling.  Accordingly, we grant the petition for review and remand the case to the BIA for it to remand the case to the IJ with instructions that the IJ clarify whether the good moral character determination was made pursuant to 8 U.S.C. § 1101(f) or the catchall provision.

**PETITION GRANTED and case REMANDED.**