[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11279
Non-Argument Calendar

_____

Agency No. A200-683-434

ALVARO URIEL VAZQUEZ-PULIDO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 21, 2017)

Before MARTIN, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Alvaro Uriel Vazquez-Pulido petitions for review of the Board of Immigration Appeals ("BIA") order affirming the denial by the immigration judge ("IJ") of his application for cancellation of removal. We dismiss the petition for lack of jurisdiction.

## I. BACKGROUND

Vazquez-Pulido, a native and citizen of Mexico, illegally entered the United States by walking across the international border near Nogales, Arizona, on April 30, 2000. Vazquez-Pulido was arrested for domestic violence on March 22, 2006, and subsequently pled guilty to violating Ala. Code § 13A-6-132, domestic violence in the third degree. The Department of Homeland Security Immigration and Customs Enforcement ("ICE") located Vazquez-Pulido while he was incarcerated in Clanton, Alabama, after he was arrested on May 31, 2010, for his failure to appear in connection with his domestic violence conviction.

In June 2010, ICE served Vazquez-Pulido with a Notice to Appear and charged him as removable under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), for being in the United States without being admitted or paroled. After a change of venue, Vazquez-Pulido appeared before an IJ, confirmed the charge of removal had been sustained, and sought cancellation of removal. In his application for cancellation of removal, Vazquez-

2

Pulido stated his removal would result in exceptional and extremely unusual hardship to his spouse and two children, all of whom were United States citizens.

At the merits hearing, Vazquez-Pulido testified he continuously had remained in the United States since his entry in April 2000. He began working as a construction worker upon entry and currently was working as a remodeler for his mother-in-law. He was active in his children's lives, took them to school, helped them with homework, and played with them. He testified he did not know whether he would be able to find a job if he was deported back to Mexico. He had contacted friends in Mexico, who told him it was hard to find work because employers required the education equivalent of a high school diploma. He did not know whether he would take his family to Mexico if he was deported and whether he could support his family even if he secured employment. He confirmed his children did not have health problems, and his relatives live in Mexico.

The IJ denied the application for cancellation of removal, because Vazquez-Pulido failed to establish (1) he met the continuous physical presence requirement and (2) his removal would result in exceptional and extremely unusual hardship to his two children. On appeal, the BIA remanded the case to the Immigration Court for further consideration of the continuous-physical-presence claim and a complete analysis of the hardship claim. On remand, a second IJ fully examined Vazquez-Pulido's claims and found he had failed to demonstrate he had met the continuous-

physical-presence requirement; even presuming he had met that eligibility requirement, he had failed to meet his burden of proving his children would suffer an exceptional and extremely unusual hardship if he was removed.

Vazquez-Pulido appealed the IJ's remand decision. The BIA conducted a de novo review and dismissed Vazquez-Pulido's appeal. The BIA agreed Vazquez-Pulido did not establish any of his qualifying relatives would face exceptional and extremely unusual hardship upon his removal to Mexico. The BIA noted: (1) Vazquez-Pulido was undecided about whether his two children would return to Mexico with him if he was removed; (2) even if removed, his two children would have access to education in Mexico; (3) the children were in good health; (4) Vazquez-Pulido was in good health; and (5) Vazquez-Pulido had a skill set to secure employment in Mexico. The BIA also noted the children were young; Vazquez-Pulido's relatives lived in Mexico, which would ease the transition; and the record did not establish the children would suffer exceptional and extremely unusual hardship if relocated to Mexico. Alternatively, the BIA determined, if the children remained in the United States, Vazquez-Pulido's wife could provide for them, and her extended family might offer additional support.

On petition for review, Vazquez-Pulido argues the BIA erred in interpreting and applying the INA provision regarding credibility findings. Because there was no adverse credibility finding, the BIA should have accepted his testimony as true.

4

Therefore, the BIA should have found his uncontroverted testimony established the requisite hardship for cancellation of removal. He asserts the BIA failed to consider salient facts; consequently, the BIA did not properly conduct a cumulative-hardship analysis. He also contends the BIA and IJ were fundamentally unfair in discarding his testimony and documentary evidence; absent controverting evidence, his testimony and evidence established he met the requirements for cancellation of removal.

## II. DISCUSSION

"When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopted the IJ's decision." *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013). We review jurisdictional questions, legal issues, and constitutional claims de novo. *Rivas v. U.S. Att'y Gen.*, 765 F.3d 1324, 1328 (11th Cir. 2014), *cert. denied*, *Rivas v. Holder*, 135 S. Ct. 1414 (2015). We are precluded from reviewing certain discretionary decisions pursuant to INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B). *See* INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B). The INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), jurisdictional bar provides we lack jurisdiction to review any judgment regarding cancellation of removal, or any other decision or action (other than asylum) the INA leaves to the discretion of the Attorney General or the Secretary of Homeland Security. *Id.*; *see also Kucana v. Holder*, 558 U.S. 233, 247, 130 S. Ct. 827, 836-37 (2010)

(recognizing the jurisdiction-stripping provisions of the INA bar "review of discretionary decisions only when Congress itself set out the Attorney General's discretionary authority in the statute").  Notwithstanding the discretionary-decision bar, we retain jurisdiction to review constitutional challenges or questions of law raised in a petition for review.  INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *see also Butalova v. U.S. Att'y Gen.*, 768 F.3d 1179, 1183 (11th Cir. 2014).

An alien, however, cannot invoke INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), to give us jurisdiction to consider "constitutional" claims that mask a claim of abuse of discretion.  *See Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007).  Similarly, an alien cannot present a challenge to evidentiary sufficiency as a meaningful question of law.  *Garcia v. Att'y Gen. of U.S.*, 329 F.3d 1217, 1222 (11th Cir. 2003).  A "garden-variety abuse of discretion argument" the BIA or IJ failed to weigh properly the factual scenario the alien presented does not present a legal question.  *Jimenez-Galicia v. U.S. Att'y Gen.*, 690 F.3d 1207, 1210-11 (11th Cir. 2012) (citation and internal quotation marks omitted).

An alien may cancel his removal from the United States and adjust his status to lawful permanent resident if he (1) has continuous physical presence in the United States for ten years, (2) is of good moral character, (3) has not committed one of a number of specified crimes, and (4) shows his qualifying relative will suffer "exceptional and extremely unusual hardship" upon his removal.  INA §

6

240A(b), 8 U.S.C. § 1299b(b).  Whether the requisite hardship has been shown is a discretionary decision we cannot review.  *See Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332-33 (11th Cir. 2003).

Because the BIA issued its own opinion and did not expressly adopt any portion of the IJ's decision, we review only the BIA's decision.  *Rivas*, 765 F.3d at 1328.  To the extent Vazquez-Pulido challenges the IJ's finding on continuing physical presence, that issue is not before this court, because the BIA did not reach it.  *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).  Although Vazquez-Pulido argued before the BIA he was deprived of due process, his argument is abandoned because it was not raised in his petition to this court. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

The other arguments Vazquez-Pulido raises are barred by the discretionary-decision bar.  INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B).  Although he frames his arguments in terms of legal error or fairness concerns, the gravamen of his arguments is the BIA erred in its weighing of the evidence as to hardship.  *Arias*, 482 F.3d at 1284; *Garcia*, 329 F.3d at 1222.  These evidentiary claims are not questions of law or constitutional challenges but are abuse-of-discretion arguments, which we are barred from reviewing.  INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B); INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *Jimenez-Galicia*,

690 F.3d at 1210-11.  Consequently, we lack jurisdiction over Vazquez-Pulido's challenges to the BIA decision denying his application for cancellation of removal.

**PETITION DISMISSED.**