## MATTER OF SABAN

### In Exclusion Proceedings

### A-23193117

*· Decided by Board June 11, 1981*

(1) When the applicant files an application for asylum after he has been placed in exclusion proceedings, the immigration judge must adjourn the hearing for the purpose of requesting an advisory opinion from the Bureau of Human Rights and Humanitarian Affairs (BHRHA), Department of State. 8 C.F.R. 208.10(b).

(2) Prior to the issuance of a final order of exclusion and deportation, a BHRHA advisory opinion, received in connection with an asylum request made in exclusion proceedings, must be made part of the record and the applicant given an opportunity to inspect, explain, and rebut it. 8 C.F.R. 208.10(b).

(3) Immigration judge erred when he ordered asylum applicant excluded prior to receipt of a BHRHA opinion, but stated that he would reopen the proceedings when such opinion was issued.

EXCLUDABLE:
Order: Act of 1952—Sec. 212(a)(14) [8 U.S.C. 1182(a)(14)]—Not in possession of valid labor certification

Sec. 212(a)(19) [8 U.S.C. 1182(a)(19)]—Attempted to enter United States by fraudulent documentation

Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—Not in possession of a valid, unexpired visa

ON BEHALF OF APPLICANT: Margaret H. McCormick, Esquire
McCormick & Hallagen
30 West Washington Boulevard
Chicago, Illinois 60602

BY: Milhollan, Chairman; Maniatis, Maguire, and Morris, Board Members

This is an appeal from a decision of the immigration judge, dated March 13, 1981, finding the applicant excludable as charged and ordering his exclusion and deportation from the United States. The appeal will be sustained and the record will be remanded.

The applicant is a resident of Belgium and a citizen of Yugoslavia, who applied for admission to the United States on February 23, 1981, by first claiming to be a United States citizen and then by presenting a fraudulent alien registration card. A form I-122, Notice to Applicant for

Admission Detained before Immigration Judge, was issued to the applicant. At the exclusion hearing, the applicant conceded excludability. An application for asylum was filed with the immigration judge pursuant to 8 C.F.R. 208.3(b). Nonetheless, the immigration judge entered a final order of exclusion without adjourning the hearing, indicating that he would reopen the proceedings after an advisory opinion was returned from the Department of State, Bureau of Human Rights and Humanitarian Affairs (BHRHA).

We note at the outset that the transcript of the proceedings and the immigration judge's decision are not in the record file. Counsel for the applicant stated in a letter to the immigration judge, dated April 6, 1981, that the applicant was willing to waive the transcription of the record and the decision. Counsel then requested that this Board consider the single issue of law presented in this case. We agree to consider this appeal because of the special circumstances of this case. The request for expedition was made by the applicant. The Service has forwarded the record file to us. It appears that both parties are willing to go forward with this appeal. In addition, for the reasons stated below, our decision will not adversely affect the applicant.

The asylum procedure for requests made after the institution of exclusion proceedings is set forth in 8 C.F.R. 208.10. 8 C.F.R. 208.10(b) provides that: "[w]hen the asylum request is filed, the hearing shall be adjourned for the purpose of requesting an advisory opinion from BHRHA." This section further provides that: "[t]he BHRHA opinion shall be made part of the record, and the applicant given an opportunity to inspect, explain, and rebut it."

The immigration judge's entry of a final exclusion order is incorrect. An asylum request was filed by the applicant at the exclusion proceedings. The proper procedure then was for the immigration judge to adjourn the hearing for the purpose of obtaining an advisory opinion from BHRHA. Moreover, the regulations provide that prior to any issuance of a final exclusion order, the BHRHA opinion must be made part of the record of the exclusion proceedings and the applicant given an opportunity to inspect, explain, and rebut the advisory opinion. Accordingly, the appeal will be sustained, and the record will be remanded.[1]

ORDER: The appeal is sustained.

FURTHER ORDER: The decision of the immigration judge is vacated and the record is remanded for consideration of the applicant's application for asylum and for the entry of a new decision.

_____

[1] An application for political asylum under section 208 of the Immigration and Nationality Act, 8 U.S.C. 1158, made after the institution of exclusion or deportation proceedings, shall also be considered as a request for withholding of deportation under section 243(h) of the Act, 8 U.S.C. 1253(h). 8 C.F.R. 208.3(b) (effective June 1, 1980).