## MATTER OF JUAREZ

In Deportation Proceedings

A-27582484

*Decided by Board April 29, 1988*

Except possibly under unusual circumstances not present here, a single conviction for a misdemeanor offense is not a "particularly serious crime" within the scope of section 243(h)(2)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h)(2)(B) (1982).

CHARGE:
  Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
  William Drysdale, Esquire
  1918 Lake Shore Avenue, Suite 65
  Oakland, California 94606

ON BEHALF OF SERVICE:
  Beverley Phillips
  General Attorney

BY:  Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated May 5, 1987, an immigration judge found the respondent deportable as charged under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982), denied his requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Act, 8 U.S.C. §§ 1158(a) and 1253(h) (1982), and ordered him deported to Guatemala. The respondent has appealed. The record will be remanded.

The respondent is a 32-year-old native and citizen of Guatemala who entered the United States near San Ysidro, California, in June 1983 without inspection. The record reflects that the respondent was convicted upon a plea of guilty in the Municipal Court of the City and County of San Francisco, State of California, on July 31, 1985, of a misdemeanor offense of assault upon another with a deadly weapon. He was sentenced to 4 days' time served, 6 months' suspended sentence, and 2 years' probation.

Concluding that the respondent's 1985 misdemeanor conviction was for a "particularly serious crime" and that he therefore was statutorily ineligible for asylum and withholding of deportation, the immigration judge declined to take the testimony of the respondent or any other witness and pretermitted further consideration of the requested relief. We do not agree with the immigration judge's conclusions. Except possibly under unusual circumstances not present here, we would not find a single conviction for a misdemeanor offense to be a "particularly serious crime" within the scope of section 243(h)(2)(B) of the Act.

Ordinarily an alien seeking admission as a refugee should be provided an opportunity to request asylum and withholding of deportation. See 8 C.F.R. §§ 208.10, 236.3(a) (1988); *Matter of Saban,* 18 I&N Dec. 70 (BIA 1981). We recognize that the right to request asylum or withholding of deportation generally carries with it the incidental right to be heard on the application, absent statutory ineligibility for the requested relief. 8 C.F.R. §§ 208.3, 208.10(a) (1988).

Under the facts of this case we are satisfied that the respondent was not provided an adequate opportunity to have his requests for asylum and withholding of deportation considered. Accordingly, we will remand the record to the immigration judge for further proceedings to afford the respondent that opportunity.

ORDER: The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and the entry of a new decision.