[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16856
Non-Argument Calendar
_____

Agency No. A206-412-860

EDDY RAPHAEL GALEANO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 29, 2017)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Eddy Galeano, through counsel, petitions for review of the Board of Immigration Appeals' ("BIA")  decision affirming the Immigration Judge's ("IJ") order denying his application for temporary protected status under INA § 244(a)(1), 8 U.S.C. § 1254a(a)(1).  On appeal, Galeano argues that it was improper for the IJ to consider facts from a vacated conviction in making a particularly serious crime determination and that he was not a danger to the community because his sentence did not require satellite-based monitoring.  He argues that the BIA played an improper prosecutorial role by having *ex parte* communications with the IJ.  He also argues that his conviction for misdemeanor sexual battery under North Carolina law cannot be considered a particularly serious crime that disqualifies him from receiving temporary protected status.

## I.

At the outset, we must consider whether we have jurisdiction.  Galeano asserts that the IJ lacked subject matter jurisdiction over him because a Government attorney below stated that the Department of Homeland Security needed to adjudicate the initial application.  He appears to argue that the IJ then proceeded in the case without sending it back and thus lacked subject matter jurisdiction.

2

The Government did not need to issue a new Notice to Appear when the crime underlying the charge in the original Notice to Appear was vacated because the Notice to Appear, and Galeano's removal, were based on his unlawful presence, not the conviction, and that was contained in the initial Notice to Appear. Thus, because the decision to remove was not based on that crime, the fact that it was vacated did not affect the IJ's subject matter jurisdiction.

We also consider whether we have jurisdiction over arguments raised by Galeano for the first time in his motion to reopen and reconsider the BIA's decision, for which he did not file a separate petition for review.

A "petition for review must be filed not later than 30 days after the date of the final order of removal." INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). A deportation order is final and reviewable when issued. *Stone v. INS*, 514 U.S. 386, 405 (1995); *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005). If an alien chooses, he may seek reconsideration of the BIA's order within 90 days of its issuance. *Stone*, 514 U.S. at 405-06. The denial of a motion for reconsideration is a final order for purposes of the INA. *Id.* at 401-02. Two separate petitions are required to review two separate final orders. *Id.* at 405. If the alien's original petition is before the court, the two petitions will be consolidated. *Id.* at 406. If an alien does not file a petition for review for the denial of his motion for reconsideration, we do not have jurisdiction to review it.

3

*Id.* The denial of a motion to re-open is an appealable final order. *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1261 (11th Cir. 2003).

The record demonstrates that two of Galeano's arguments—that it was improper for the IJ to consider facts from his vacated conviction in determining that his sexual battery conviction qualified as a particularly serious crime and that his conviction did not render him a danger to the community because he was not required to register for satellite-based monitoring—were raised only in his motion to reopen and reconsider the decision of the BIA. Because Galeano did not file a separate petition for review of the denial of his motion to reopen and reconsider the BIA's decision, we do not have jurisdiction to consider these arguments. *Stone*, 514 U.S. at 406; *Patel*, 334 F.3d at 1261.

## II.

We must also consider the government's contention that we lack jurisdiction over two more of Galeano's arguments: that his conviction for sexual battery under North Carolina law is not a particularly serious crime and that the BIA played an improper prosecutorial role by participating in an *ex parte* conversation with the IJ. The government asserts that these arguments have not been exhausted and that they challenge discretionary decisions by the Attorney General.

We may review a final order of removal only if the alien has exhausted all administrative remedies available to him as a matter of right.  INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).  The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA, even if the BIA considered it *sua sponte*.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  The exhaustion doctrine requires the petitioner to raise claims before the BIA to ensure it had a full opportunity to consider them.  *Id.*

While some constitutional challenges and due process claims do not require exhaustion, "where [a] claim is within the purview of the BIA which can provide a remedy, the exhaustion requirement applies with full force."  *Sundar v. INS*, 328 F.3d 1320, 1325 (11th Cir. 2003).  An allegation that a petitioner has been deprived of due process because the factfinder was not neutral is "precisely the kind of procedural error which requires exhaustion."  *Amaya-Artunduaga*, 463 F.3d at 1251.  We will not read a futility exception into a statutory exhaustion requirement where Congress has not provided one.  *Sundar*, 328 F.3d at 1326.

If an offense is not *per se* a particularly serious crime, the Attorney General retains discretion to determine whether the offense constitutes a particularly serious crime on a case-by-case-basis.  *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010).  In making such a determination, the IJ can opt to rely only on the elements of the offense, but the IJ generally considers additional evidence

5

including the nature of the conviction, the type of sentence imposed, and the "circumstances of the underlying facts of the conviction." *Id.*

We retain authority to review discretionary decisions only to the extent that a petitioner presents constitutional claims or questions of law. *Jimenez-Galicia v. U.S. Att'y Gen.*, 690 F.3d 1207, 1210 (11th Cir. 2012); INA § 242 (a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). We do not retain jurisdiction to consider "garden-variety abuse of discretion" arguments. *Jimenez-Galicia*, 690 F.3d at 1210-11 (quotation omitted).

The record demonstrates that Galeano's claim that the BIA played an improper prosecutorial role has not been exhausted. Although Galeano asserts that this is a due process question, we have already settled that allegations that the factfinder did not act in a neutral manner must be exhausted before the BIA. *Amaya-Artunduaga*, 463 F.3d at 1251.

Galeano's argument that his conviction for sexual battery under North Carolina law is not a particularly serious crime, on the other hand, was raised sufficiently enough before the BIA and therefore was exhausted. *Id.* at 1250. In addition, because this argument squarely raises a legal issue and not "garden-variety" abuse of discretion, *Jimenez-Galicia*, 690 F.3d at 1210, it is not a discretionary decision of the Attorney General that we lack jurisdiction to consider. *Id.* We will reach its merits.

6

III.

On the merits, Galeano argues that his conviction for misdemeanor sexual battery under North Carolina law cannot be considered a particularly serious crime that disqualifies him from receiving temporary protected status because his conviction was not a felony. Hale argues that a felony conviction requires at least a 12-month sentence and he was sentenced to only 75 days.

We "review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion. Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (citation omitted). Because the BIA did not expressly adopt the IJ's opinion, we review only the decision of the BIA.

Temporary protected status is intended to allow people who are nationals of certain identified foreign states to remain in the United States and not to be forced to depart in certain humanitarian circumstances. *Matter of Sosa Ventura*, 25 I. & N. Dec. 391, 393-95 (B.I.A. 2010). An alien is barred from temporary protected status in certain circumstances. INA § 244(c)(2)(B)(ii); 8 U.S.C. § 1254(c)(2)(B)(ii). One of these circumstances is if "the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." INA § 208(b)(2)(A), 8 U.S.C. § 1158(b)(2)(A).

7

At the time Galeano was convicted under North Carolina General Statute § 14-27.5A, the section provided in relevant part:

(a)    A person is guilty of sexual battery if the person, for the purpose of sexual arousal, sexual gratification, or sexual abuse, engages in sexual contact with another person:

(1)    By force and against the will of the other person; . . .

(b)    Any person who commits the offense defined in this section is guilty of a Class A1 misdemeanor.

N.C. Gen. Stat. § 14-27.33 (recodified from § 14-27.5A in December 2015).

Except when the alien has committed an aggravated felony with a sentence of five or more years of imprisonment, the INA gives the Attorney General discretion to determine whether an alien has committed a particularly serious crime. *Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013). We review discretionary decisions of the BIA only to determine if that discretion was exercised in an arbitrary or capricious manner. *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1148 (11th Cir. 2005). The arbitrary and capricious standard gives an appellate court the least latitude in finding grounds for reversal. *N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538-39 (11th Cir. 1990). A particularly serious crime need not be an aggravated felony. *See In re N-A-M-*, 24 I. & N. Dec. 336, 338-39 (B.I.A. 2007). In addition, a misdemeanor conviction may be a particularly serious crime under certain circumstances. *Matter of Juarez*, 19 I. & N. Dec. 664,

8

665 (B.I.A. 1988) (stating that "under unusual circumstances" the BIA could find a single conviction for a misdemeanor to be a particularly serious crime).

If a conviction is not for an aggravated felony, the nature of the conviction, the type of sentence imposed, and the underlying facts and circumstances of the conviction are examined. *In re N-A-M-*, 24 I. & N. Dec. at 342. An offense may be determined to be particularly serious based solely on its elements or nature. *Id.* at 343 (finding that a conviction for using or representing that one is armed with a deadly weapon and knowingly placing or attempting to place another person in fear of imminent serious bodily injury is a particularly serious crime). Crimes against persons are more likely to be particularly serious. *Id.* Another relevant factor is whether a petitioner was required to register as a sex offender. *Id.* The severity of a crime is not always reflected in the length of its sentence. *Id.* at 344 n.8.

Given the extremely deferential nature of arbitrary and capricious review, *Skinner*, 903 F.2d at 1538-39, the BIA's decision that a conviction involving the use of force in a sexual assault against the will of the victim was a particularly serious crime was not arbitrary and capricious. Because Galeano's conviction for misdemeanor sexual battery qualifies as a particularly serious crime, he is ineligible for temporary protected status. INA § 244(c)(2)(B)(ii), 8 U.S.C. § 1254(c)(2)(B)(ii); INA § 208(b)(2)(A), 8 U.S.C. § 1158(b)(2)(A).

**PETITION DENIED IN PART, DISMISSED IN PART.**