[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14556
Non-Argument Calendar
_____

Agency No. A073-710-551


GHEORGHE VOICU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 10, 2018)

Before NEWSOM, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Gheorghe Voicu petitions for review of the Board of Immigration Appeals' dismissal of his appeal from the Immigration Judge's denial of his application for cancellation of removal.  Specifically, he challenges the BIA's discretionary determination that he failed to show that his daughter would suffer "exceptional and extremely unusual hardship" if he were removed.  We dismiss the petition for lack of jurisdiction.[1]

## I

Voicu is a native and citizen of Romania who entered the United States in 1994 on a non-immigrant visa that expired that same year, and he has remained ever since.  His daughter, Michelle Alice Voicu, was born in the United States in 2002.

In 2007, the Department of Homeland Security issued Voicu a notice to appear, which charged him as removable for overstaying his non-immigrant visa, in violation of 8 U.S.C. § 1227(a)(1)(B).  At a hearing before an IJ, Voicu conceded removability.  He later applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1).  Voicu alleged in his application that his removal would result in "exceptional and extremely unusual hardship" on his daughter, who is a U.S. citizen.  In support of that application, he submitted a report from a clinical psychologist and psychoanalyst, who concluded that if Voicu's daughter were

---

[1] We review *de novo* questions of subject matter jurisdiction.  *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221 (11th Cir. 2006).

2

separated from her father, she would develop Separation Anxiety Disorder and would be deprived of the special education classes available to her in the United States.

An IJ denied Voicu's application for cancellation of removal because he determined that Voicu did not demonstrate that his removal would result in exceptional and extremely unusual hardship to his daughter. The BIA adopted and affirmed the IJ's determination that Voicu failed to establish exceptional and extremely unusual hardship to his daughter, but remanded because Voicu had not received proper notice regarding a voluntary departure bond.

On remand, Voicu submitted an updated application for cancellation of removal. In support of that application, Voicu submitted various documents and testimony reflecting that his daughter had experienced seizures. The IJ again concluded that Voicu had failed to demonstrate that his daughter would suffer extreme and exceptionally unusual hardship as a result of his removal. In particular, he found that although there was evidence that Voicu's daughter suffered from various symptoms and had been taking prescription medicine, there was no formal diagnosis in the record, and the medicine had been obtained from Canada and was not prescribed for her. The IJ also noted that while Voicu had several years to take his daughter for a diagnosis, she was not taken until just a few weeks before testimony was given in Voicu's immigration case. He further

concluded that if Voicu were removed, his daughter could stay in the United States with her mother, who had been granted a stay of removal.

Voicu appealed that decision to the BIA, and the BIA dismissed the appeal. The BIA concluded that the IJ had correctly considered and weighed the evidence, and that the IJ had correctly found that Voicu had not shown medical or educational issues that rose to the level of exceptional and extremely unusual hardship. It declined to disturb the IJ's "determination that the daughter could remain in the United States with her mother rather than moving to Romania with her father," despite the fact that her mother did not have permanent legal status in the United States. This appeal followed.

## II

The Immigration and Nationality Act gives the Attorney General discretion to cancel the removal of an alien who "demonstrates … exceptional and extremely unusual hardship to his or her spouse, parent, or child, who is a U.S. citizen or permanent resident." *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221 (11th Cir. 2006) (citing 8 U.S.C. § 1229b(b)(1)). But under the INA's discretionary-decision bar, we lack jurisdiction to review certain discretionary decisions of the BIA, including orders denying cancellation of removal. 8 U.S.C. § 1252(a)(2)(B) (preventing courts from reviewing "any judgment regarding the granting of relief under section … 1229b"). We have specifically held that an "exceptional and

extremely unusual hardship determination is a discretionary decision not subject to review." *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1333 (11th Cir. 2003).  We retain jurisdiction to review such a decision only where the petition presents "colorable" constitutional claims or questions of law.  *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007); *see also* 8 U.S.C. § 1252(a)(2)(D). But we do not have jurisdiction "to consider 'garden-variety abuse of discretion' arguments about how the BIA weighed the facts in the record," even if couched as a legal question.  *Jimenez-Galicia v. U.S. Att'y Gen.*, 690 F.3d 1207, 1210–11 (11th Cir. 2012) (quoting *Alvarez Acosta v. U.S. Att'y Gen.,* 524 F.3d 1191, 1196–97 (11th Cir. 2008)); *see also Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 549–50 (11th Cir. 2011).

In his brief to this Court, Voicu argues that "[t]he IJ and the BIA committed legal error in their findings of fact that [his] U.S. citizen daughter was not diagnosed with epilepsy," and that "[t]he IJ and the BIA committed legal error when they held that [he] did not meet his burden of establishing exceptional and extremely unusual hardship …."  Br. of Appellant at 8, 14.  Those arguments, although couched in terms of "legal error," merely attempt to challenge the BIA's finding that Voicu's daughter would not suffer exceptional and extremely unusual hardship if he were removed, and therefore cannot be reviewed by this Court.  *See Alhuay*, 661 F.3d at 550; *Gonzalez-Oropeza*, 321 F.3d at 1333.  Voicu also argues

that the BIA failed to give "reasoned consideration" to his claims, Br. of Appellant at 17, but that is merely a "garden variety abuse of discretion" argument, which we do not have jurisdiction to consider. *Jimenez-Galicia*, 690 F.3d at 1210–11. Accordingly, we dismiss the petition for lack of jurisdiction.

**DISMISSED.**