EDMONDSON, Circuit Judge:
Petitioner Elias Jimenez-Galieia, a native and citizen of El Salvador, seeks judicial review of a final order of removal issued by the Board of Immigration Appeals (“BIA”). The BIA’s order affirmed an immigration judge’s (“IJ”) order of removal and denial of Petitioner’s request for cancellation of removal. The denial was based on a determination that Petitioner lacked good moral character. Because we are presented with no genuine question of law, the Court lacks jurisdiction to review the BIA’s discretionary determination that Petitioner lacked good moral character; we dismiss the petition.
I.
In 2006, Petitioner was issued a Notice to Appear, alleging that he is a nonimmigrant not in possession of a valid visa or other immigration document in violation of 8 U.S.C. section 1182(a)(7)(B)© of the Immigration and Nationality Act (“INA”). Petitioner appeared before an IJ. Petitioner conceded that he was a nonimmigrant and possessed no valid immigration document, but he asked the IJ to cancel the removal from this Country. Petitioner based his request on section 203 of the Nicaraguan Adjustment and Central American Relief Act of 1997 (“NACARA”), Pub.L. No. 105-100, § 203, 111 Stat. 2160 (1997).
To establish his eligibility for this NA-CARA special-rule cancellation of removal, Petitioner bears the burden of showing that, among other things, he has been a person of good moral character during the required seven years of continuous physical presence in this Country.[1] The “good moral character” requirement is at issue here. The IJ decided that Petitioner lacked the required good moral character *1209 because Petitioner had been convicted twice for driving under the influence of alcohol, had been convicted twice for driving with a suspended driver’s license, and had been arrested other times for driving under the influence of alcohol and for related offenses (including Petitioner’s being arrested twice while his case was pending before the IJ).
Petitioner appealed to the BIA, which reviewed the IJ’s decision de novo. After considering (specifically, but not only) that Petitioner owns a business, owns property, consistently pays taxes, regularly attends church, and supports his family in El Salvador, the BIA decided that Petitioner’s criminal history outweighed the positive factors in the record. The BIA decided that, even if Petitioner had a psychiatric diagnosis of alcohol dependency, the diagnosis — no evidence of which was on the record — would not excuse Petitioner’s repeated decisions to drive while intoxicated and would not excuse other convictions and arrests that involved no drinking. The BIA affirmed the IJ’s decision denying Petitioner’s application for cancellation of removal and affirmed the IJ’s decision ordering Petitioner’s removal. Petitioner petitions for review of the BIA’s decision.[2]
II.
We first must decide whether we have jurisdiction to consider Petitioner’s appeal. See Vuksanovic v. U.S. Att’y Gen., 439 F.3d 1308, 1310 (11th Cir.2006). This Court’s jurisdiction to review the BIA’s discretionary decisions is limited by statute. See 8 U.S.C. § 1252(a)(2)(B).
The INA prevents judicial review of the BIA’s discretionary judgments that grant or deny petitions for cancellation of removal. Id. at § 1252(a)(2)(B)®.[3] But, by passing the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231, Congress clarified that the Court has jurisdiction to review all “constitutional claims or questions of law raised upon a petition for review.” 8 U.S.C. § 1252(a)(2)(D). We can review no discretionary determinations about cancellation of removal, except those discretionary determinations about which Petitioner presents a genuine constitutional claim or question of law. Here, Petitioner raises no actual questions of law or constitutional claims; he therefore fails to overcome the jurisdictional bar to our reviewing the BIA’s discretionary decision about his moral character.
The INA explains “good moral character” in 8 U.S.C. section 1101(f). If a person applying for cancellation of removal has committed one of a series of listed offenses (the “per se categories”), the INA automatically precludes a finding that the person has good moral character. 8 U.S.C. § 1101(f).[4] No “per se categories” *1210 are part of this ease. Aside from the per se categories, the INA has a kind of “catchall provision,” which says “that any person is not within any of the [per se categories] shall not preclude a finding that for other reasons such person is or was not of good moral character.” Id. at § 1101(f). In this case the BIA decided, pursuant to the catchall provision of section 1101(f), that Petitioner lacks good moral character “for other reasons.”
The way Congress worded the definition of good moral character in section 1101(f) shows that this BIA decision about Petitioner’s character — made pursuant to the catchall provision — is discretionary.[5] A decision that a petitioner lacks good moral character for being in one of the per se categories might be non-discretionary: after a BIA’s finding that the petitioner falls within a per se category, the decision that a petitioner lacks good moral character seems to be mandated by statute and removed from the BIA’s judgment.
But the INA sets the specific per se categories in contrast to the broader language of the immediately-following catchall provision. The language and structure of the statute indicate that the presence of the specific categories is not to preclude the BIA or the Attorney General from exercising their judgment — a “by and large” kind of decision — about a petitioner’s lack of good moral character. A BIA decision pursuant to the catchall provision of section 1101(f) that a petitioner lacks good moral character is discretionary: for that section, whether a person lacks good moral character “for other reasons” is a matter of judgment not tightly controlled by formula or by hard rules. Congress entrusted the power to make this judgment on character to the Attorney General and not to the courts.
We have authority to review the BIA’s discretionary decision only if the petitioner presents questions of law or constitutional claims about the decision. 8 U.S.C. § 1252(a)(2)(D). We have no jurisdiction *1211 to consider “garden-variety abuse of discretion” arguments about how the BIA weighed the facts in the record. Alvarez Acosta v. U.S. Att’y Gen., 524 F.3d 1191, 1196-97 (11th Cir.2008); see also Argueta v. Holder, 617 F.3d 109, 112-13 (2d Cir.2010) (“[CJlaims lie beyond our jurisdiction because they are directed to the manner in which the IJ balanced the equities in denying [the petitioner’s] application for discretionary relief .... ”). For jurisdiction, we must look hard at Petitioner’s actual arguments — not just his description of his claims — to determine whether we have jurisdiction to consider his petition for review.
Petitioner says that the IJ and the BIA violated binding precedent by failing to review the record as a whole; neither the IJ nor the BIA failed in this way, however. On the face of the BIA’s decision, the BIA reviewed the record as a whole, listing and weighing facts that demonstrated its de novo review. And the IJ was presented with no evidence of the matter that Petitioner says the IJ should have specifically examined: Petitioner’s purported alcohol dependency. Petitioner therefore presents no colorable question of law.
Petitioner also argues that the BIA failed to consider his'unevidenced alcohol dependency as a factor in deciding that he lacked good moral character; but the BIA considered and expressly rejected the idea that Petitioner’s alcohol dependency (if any) outweighed the material parts of Petitioner’s criminal history. That the BIA decision on its face disproves Petitioner’s supposed “questions of law” demonstrates that what Petitioner labels as legal arguments are, in fact and at most, quarrels with the BIA’s exercise of discretion— quarrels about weighing and balancing the imponderables that bear on a decision about “good character” and, therefore, quarrels into which we may not be drawn properly.
III.
The BIA decided — pursuant to the catchall provision of section 1101(f) — that Petitioner lacks good moral character and is therefore ineligible for special-rule cancellation of removal. Petitioner raises no genuine question of law or constitutional claim, so we have no jurisdiction to review that discretionary decision.
PETITION DISMISSED.

. The special-rule cancellation of removal specified in section 203 of NACARA gives the Attorney General discretion under 8 U.S.C. section 1229b (section 240A of the INA) to cancel the removal of an alien who (1) is not inadmissible for having committed a crime of moral turpitude; (2) has been physically and continuously present in the United States for at least the seven years before applying for special-rule cancellation; (3) has been a person of good moral character during those seven years; and (4) establishes that removal would result in extreme hardship to the alien or to the alien’s spouse, parent, or child, who is a citizen or legal permanent resident of the United States.

. Some of Petitioner's arguments now challenge the IJ's decision and not the BIA's decision. For BIA decisions that we have jurisdiction to review, we review the BIA decision and not the IJ decision. See Savoury v. U.S. Att’y Gen., 449 F.3d 1307, 1312 (11th Cir.2006). If the BIA adopts the IJ’s reasoning we review the IJ's reasoning. See id. The BIA in this case adopted no reasoning of the IJ, explaining that it decided Petitioner's case de novo: we consider the BIA’s decision and not the IJ's decision.

. Section 1252(a)(2)(B)(i) says that “no court shall have jurisdiction to review ... any judgment regarding the granting of relief under section ... 1229b,” which is the section giving the Attorney General authority to cancel removal of certain aliens who meet the statutory requirements. The BIA’s decision denying Petitioner's application for cancellation of removal is a “judgment regarding the granting of relief under section” 1229b. So, we look at section 1252(a)(2)(B)(i) to decide whether we can consider this petition for review.

.“No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral char *1210 acter is required to be established, is, or was” a person who falls into one or more of the per se categories. Id. For the per se categories, the INA specifically disallows a finding of good moral character for "a habitual drunkard”; for a person "whose income is derived principally from illegal gambling activities” or "who has been convicted of two or more gambling offenses”; for a person "who has given false testimony” to get certain immigration benefits; for a person who has been convicted and imprisoned for an aggregate of six months or more; for a person who has been "convicted of an aggravated felony”; and for a person who has engaged in conduct related to "assistance in Nazi persecution, participation in genocide, or commission of acts of torture or extrajudicial killings,” or who has engaged in conduct related “to severe violations of religious freedom.” Id. at § 1101(f)(l)-(9).

. The other circuits that have examined the issue whether the catchall provision is discretionary have not come to a uniform result. The Eighth Circuit concluded that decisions under the catchall provision of section 1101(f) are non-discretionary and fully reviewable. See Ikenokwalu-White v. INS, 316 F.3d 798, 802-04 (8th Cir.2003) (decisions whether a petitioner has good moral character under the catchall provision require applying the law to the facts and are non-discretionary, reviewable determinations). Other circuits have signalled other views on the nature of determinations under the catchall provision. See Bernal-Vallejo v. INS, 195 F.3d 56, 62-63 (1st Cir.1999) (decisions about moral character under the catchall provision are discretionary, but decisions about moral character based on the per se categories are non-discretionary); Kalaw v. INS, 133 F.3d 1147, 1151 (9th Cir.1997) (same); Sumbundu v. Holder, 602 F.3d 47, 53-54 (2d Cir.2010) (expressly leaving open the issue whether catchall moral character decisions are non-discretionary and fully reviewable because the question was not necessary in that case). Of these circuit decisions, only Sumbundu was decided after Congress passed the REAL ID Act of 2005. Id. at 54.