[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12519
Non-Argument Calendar
_____

Agency No. A089-285-061

CIPRIANO MARTINEZ-RUBIO,
a.k.a. Cipriano Martinez,
a.k.a. Ciprino Martinez-Rubin,
a.k.a. Rubio Martinez-Cipriano,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 30, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

TJOFLAT, Circuit Judge:

Cipriano Martinez-Rubio, the Petitioner, seeks this court's review of the Board of Immigration Appeals's (the "BIA") decision dismissing his appeal of the Immigration Judge's (the "IJ") denial of his application for cancellation of removal. In the brief he filed in support of his petition, Petitioner argues that the BIA "violated its regulatory duty by failing to review the IJ's factual findings," Petitioner's Br. at 12, pursuant to 8 C.F.R. § 1003.1(d)(3)(i).[1] The BIA purportedly shirked this duty because there was evidence in the record establishing that the IJ's factual findings about his family's good health were clearly erroneous. Alternatively, assuming that the BIA reviewed the findings, Petitioner argues the review was "deficient because it ignored material record evidence," Petitioner's Br. at 18, including documentation about his daughter's significant medical conditions. The Attorney General argues that we do not have jurisdiction to hear the claim, pursuant to Immigration and Nationality Act ("INA") § 242(a)(2)(B), 8

---

[1] 8 C.F.R. § 1003.1, Organization, jurisdiction, and powers of the Board of Immigration Appeals, provides, in pertinent part:

(d) Powers of the Board—

. . .

(3) Scope of review.

(i) The Board will not engage in de novo review of findings of fact determined by an immigration judge. Facts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous.

8 C.F.R. § 1003.1(d)(3)(i).

U.S.C. § 1252(a)(2)(B), because the denial of cancellation of removal is a discretionary decision not subject to appellate review.[2]

"The Attorney General . . . has discretion to cancel the removal of a non-permanent resident if that alien has (A) a continuous physical presence of not less than 10 years, (B) good moral character, (C) a lack of certain criminal convictions, and (D) establishes exceptional and extremely unusual hardship to a qualifying relative." *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003) (citing INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1)).  Assuming the alien has established the first three points, whether the alien's removal is cancelled turns on whether the Attorney General decides that the alien's removal would subject a qualifying relative—in this case, Petitioner's children—to exceptional and extremely unusual hardship.  That decision is a discretionary call and, as such, is not subject to judicial review.  8 U.S.C. § 1252(a)(2)(B);[3] *Gonzalez-Oropeza,* 321 F.3d at 1332–33; *Najjar v. Ashcroft,* 257 F.3d 1262, 1297–98 (11th Cir. 2001). Notwithstanding this jurisdictional bar, though, § 1252(a)(2)(B) affords judicial review of a cancellation-of-removal decision that presents a "genuine . . . question of law," *Jimenez-Galicia v. U.S. Att'y Gen.*, 690 F.3d 1207, 1209 (11th Cir. 2012),

---

[2] We review *de novo* the question the Attorney General poses, whether we have jurisdiction to review the BIA's decision.  *See Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 492 (11th Cir. 2013).

[3] 8 U.S.C. § 1252, Judicial review of orders of removal, states in subsection (a)(2)(B) that "[m]atters not subject to judicial review" include "[d]enials of discretionary relief."

*cert. denied*, 133 S. Ct. 2824 (2013), which we review *de novo*, *Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1307 (11th Cir. 2013).  Petitioner's argument that the BIA violated its regulatory duty by failing to review the IJ's factual findings presents a question of law.

The BIA reviews an IJ's factual findings for clear error.  8 C.F.R. § 1003.1(d)(3)(i)[4]; *Zhu*, 703 F.3d at 1305, 1308–09.  In order to review an IJ's factual findings for clear error, the appealing petitioner must identify and inform the BIA of the factual finding that, he contends, is clearly erroneous.  That is, he must exhaust the administrative remedy the law provides him; he must ask the BIA to set aside the finding.  INA § 242(d)(1); 8 U.S.C. § 1252(d)(1).[5]  The presence of this statutory exhaustion requirement means that the BIA is not required to review each of the IJ's factual findings on its own initiative.  This explains why, in *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250–51 (11th Cir. 2006), we dismissed a petition asking us to review the BIA's *sua sponte* review of the IJ's adverse credibility finding.[6]

---

[4] *See supra* note 1.  The clearly erroneous standard adopted in § 1003.1(d)(3)(i) was intended to reflect the clearly erroneous standard used by federal appellate courts.  *Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1309–10 (11th Cir. 2013).

[5] 8 U.S.C. § 1252, Judicial review of orders of removal, states in subsection (d) that "[a] court may review a final order of removal only if--(1) the alien has exhausted all administrative remedies available to the alien as of right."

[6] The court's opinion in *Amaya-Artunduaga v. U.S. Att'y Gen.* seems to imply that 8 U.S.C. § 1252(d)(1) contains an "excuse or exception" to its exhaustion requirement.  *Amaya-Artunduaga v. U.S. Atty. Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  As the *Amaya-Artunduaga*

Although the petition for review before us presents a question of law, we decline to consider the question because to do so would sanction Petitioner's avoidance of § 1252(d)(1)'s exhaustion requirement.  His petition for review is therefore denied.

PETITION DENIED.

---

panel put it, "circuit precedent clearly states that, absent a cognizable excuse or exception, 'we lack jurisdiction to consider claims that have not been raised before the BIA.'" Id. (quoting *Sundar v. I.N.S.*, 328 F.3d 1320, 1323 (11th Cir. 2003)). *Sundar* was an appeal of the District Court's denial of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Sundar*, 328 F.3d at 1321.  The "question [before the court was] whether § 1252(d)(1)'s exhaustion requirement applies in § 2241 habeas proceedings or only in direct appeals to this Court from the BIA." *Sundar*, 328 F.3d at 1321.  The court concluded that it applies. *Id.*  The court then addressed the question of whether "perceived futility" provided an exception to the exhaustion requirement of the habeas statute, 29 U.S.C. § 2254, and concluded that it did not—with this statement: "The decision in *Engle v. Isaac*, 456 U.S. 107, 130, 102 S. Ct. 1558, 1573, 71 L. Ed. 2d 783 (1982), establishes that perceived futility is no exception to the exhaustion requirement contained in 28 U.S.C. § 2254, and it should not be an exception to the one contained in 8 U.S.C. § 1252(d)(1), either." *Sundar*, 328 F.3d at 1325.

Because the *Sundar* court was deciding whether the habeas statute contained a "perceived futility" exception to its exhaustion doctrine and because Petitioner does not argue that he did not need to identify the IJ factual findings he considered clearly erroneous, we consider the court's reference to § 1252(d)(1) as *dicta* and, moreover, need not explore the possibility that § 1252(d)(1) provides an excuse or exception that would allow a petitioner to insist that the BIA examine *sua sponte* an IJ's factual findings.