[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12186
Non-Argument Calendar
_____

Agency No. A096-087-232

YONG LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 18, 2015)

Before MARCUS, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Yong Lin petitions for review of the Board of Immigration Appeals'
("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") denial of his
applications for asylum, withholding of removal, relief under the United Nations

Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), and cancellation of removal.  On appeal, Lin argues that: (1) the IJ and BIA erred in finding he was not credible and did not establish a clear probability of persecution based on religion or resistance to Chinese family planning policies; and (2) the agency erred in denying his claim for cancellation of removal, because he showed sufficient hardships to his qualified family members.  For its part, the government argues we lack jurisdiction to consider many of Lin's claims.  After careful review, we dismiss the petition in part, and deny it in part.

We review de novo whether subject matter jurisdiction exists to consider a petition for review.  Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007).  We review factual determinations, which include credibility determinations, under the substantial-evidence test.  Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254-55 (11th Cir. 2006).  We must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Id. (quotation omitted).  We view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision."  Id. at 1255 (quotation omitted).  Thus, in order for us to conclude that a finding of fact should be reversed, we must determine that the record compels reversal.  Id.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision.  Ruiz, 479 F.3d at 765.  When the BIA

2

explicitly agrees with the findings of the IJ, we will review the decision of both the BIA and the IJ as to those issues.  Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010).  Because the BIA issued its own opinion in this case, we review the BIA's opinion.  As for the IJ's findings with which the BIA explicitly agreed, we will review the decisions of both the BIA and the IJ.

First, we agree with the government that we lack jurisdiction to review several of Lin's claims.  Our jurisdiction to review discretionary decisions is statutorily limited.  Jimenez-Galicia v. U.S. Att'y Gen., 690 F.3d 1207, 1209 (11th Cir. 2012).  The Immigration and Nationality Act ("INA") provides that "no court shall have jurisdiction to review . . . [a]ny judgment regarding the granting of relief under" certain INA provisions, like 8 U.S.C. § 1229b, governing cancellation of removal.  8 U.S.C. § 1252(a)(2)(B)(i).  However, we retain jurisdiction to review "constitutional claims or questions of law raised upon a petition for review."  8 U.S.C. § 1252(a)(2)(D).  Cancellation of removal requires a showing of, inter alia, "exceptional and extremely unusual hardship" to a citizen or lawful permanent resident relative.  8 U.S.C. § 1229b(b)(1)(D).  While we have jurisdiction to review non-discretionary legal decisions pertaining to statutory eligibility for discretionary relief, a decision about whether an individual had established exceptional and extremely unusual hardship is discretionary, and therefore, not reviewable. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332-33 (11th Cir. 2003).

3

An asylum applicant must show "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).  An untimely application may be considered "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing" within one year.  8 U.S.C. § 1158(a)(2)(D).  We lack jurisdiction to review the Attorney General's decisions concerning timeliness or whether changed or extraordinary circumstances excused any untimeliness.  8 U.S.C. § 1158(a)(3); Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007).

If a petitioner fails to exhaust all remedies with respect to a particular claim, we lack jurisdiction to consider the claim.  Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).  The exhaustion doctrine requires the petitioner to raise claims before the agency, thereby ensuring that the agency had a full opportunity to consider the petitioner's claims.  Id.  A petitioner must exhaust a claim even if it is discussed sua sponte by the BIA.  Id. at 1251.  When an alien fails to offer an argument as to an issue on appeal, the issue is deemed abandoned.  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

In this appeal, we lack jurisdiction to review Lin's claim that the BIA erred in denying his application for cancellation of removal, because whether the

4

hardships Lin showed were sufficient is a discretionary decision.  See 8 U.S.C. § 1252(a)(2)(B)(i), Gonzalez-Oropeza, 321 F.3d at 1332-33.  Additionally, although Lin's brief does not raise an express challenge to the denial of his asylum claim as untimely, we would not be able to review that determination in any event.  See 8 U.S.C. § 1158(a)(3).  We also lack jurisdiction to review Lin's claims for CAT relief and withholding of removal on the grounds of persecution from China's family planning policy or that there is a pattern or practice of persecution against Christians in China, because these issues are unexhausted.  Accordingly, we dismiss the petition as to these issues.

As for Lin's claim that the IJ and BIA erred in finding he was not credible and did not establish a clear probability of persecution based on religion or resistance to Chinese family planning policies, we are unpersuaded.  An applicant may be eligible for withholding of removal if his life or freedom would be threatened in the country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. § 1231(b)(3).  The alien seeking withholding of removal bears the burden of showing his eligibility, by showing that it is more likely than not that he will be persecuted or tortured upon being returned to his country.  Sepulveda, 401 F.3d at 1232.  An alien may satisfy this burden of proof in one of two ways: (1) by establishing past persecution in his country based on protected grounds or (2) demonstrating a future

threat to his life or freedom in his country based on a protected ground. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006); Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 437 (11th Cir. 2004). The alien may show a future threat by showing either that he more likely than not will be singled out for future persecution or that in the country of removal, there is a pattern or practice of persecution of a group similarly situated to the alien in which he is included or may be identified. 8 C.F.R. § 1208.16(b)(2).

An applicant's testimony, if credible, may be sufficient to sustain his burden of proof without corroborating evidence. Ruiz, 440 F.3d at 1255. Conversely, if the applicant relies solely on his testimony, an adverse-credibility determination may alone be sufficient to support the denial of an application. Forgue v. U.S. Att'y Gen., 401 F.3d 1281, 1287 (11th Cir. 2005). "If, however, the applicant produces other evidence of persecution, whatever form it may take, the IJ must consider that evidence, and it is not sufficient for the IJ to rely solely on an adverse-credibility determination in those instances." Id. When the IJ makes an adverse-credibility finding, the applicant must demonstrate that the decision was not supported by "specific, cogent reasons" or was not based on substantial evidence. Ruiz, 440 F.3d at 1255 (quotation omitted).

For applications filed after May 11, 2005, a credibility determination may be based on the totality of the circumstances, including: (1) the demeanor, candor, and

responsiveness of the applicant; (2) the plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; (5) the consistency of the applicant's statements with other record evidence, including country reports; and (6) inconsistencies, inaccuracies, or falsehoods, regardless of whether they relate to the heart of an applicant's claim.  8 U.S.C. § 1158(b)(1)(B)(iii).  Even a tenable explanation for an inconsistency will not compel reversal of the IJ's credibility determination.  Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1233 (11th Cir. 2006).

We've held that an IJ may consider contradictions between an airport interview and later testimony, but should also consider that, unlike in a hearing, the alien in an airport interview will not be represented by counsel and may be intimidated by government officials, especially if he has been subject to abuses in his home country.  Tang v. U.S. Att'y Gen., 578 F.3d 1270, 1279 (11th Cir. 2009).  However, we've distinguished between hearing testimony that provides a more detailed elaboration upon the earlier airport interview and hearing testimony that directly contradicts information from the airport interview.  Shkambi v. U.S. Att'y Gen., 584 F.3d 1041, 1050 (11th Cir. 2009).  Therefore, information supplied at airport interviews can be "useful and probative in evaluating an asylum applicant's credibility" but such information "must be used with care as to the nature of the variances with subsequent statements."  Id. at 1051.

Here, substantial evidence supports the BIA and IJ's finding that Lin was not credible. The IJ and BIA's basis for the finding -- the inconsistency between Lin's merits hearing testimony of persecution based on his Christianity and his airport interview statement that he was discriminated against based on his Buddhism -- was specific and cogent, and the testimony directly conflicted. While Lin claims this inconsistency is attributable to the influence of smuggler who had helped him enter the United States, the smuggler was in Fiji at the time of the airport interview in Hawaii, and Lin had already admitted that the passport given to him by the smuggler was false. There was no apparent advantage to claiming discrimination on the basis of Buddhism instead of the allegedly true story that he was fleeing persecution on the basis of Christianity. There were also inconsistencies about the language in which Lin's airport interview was conducted -- he'd initially said it was in Cantonese, but when shown evidence that it was conducted in Mandarin, he changed his testimony to say the interview was conducted in Mandarin with a Cantonese accent. Further, the record reveals that Lin claimed he'd fled China due to religious persecution, but he did not practice Christianity in the United States until he had been in the country for five years. In light of the adverse-credibility finding, this record does not compel a finding that Lin proved he was eligible for withholding of removal. Accordingly, we deny Lin's petition as to this issue.

**PETITION DISMISSED IN PART, DENIED IN PART.**

8