[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15289
Non-Argument Calendar
_____

Agency No. A095-073-788

NIMROD HERNANDEZ-HERNANDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 17, 2018)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Nimrod Hernandez-Hernandez petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the denial of his application for cancellation of removal under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.* ("INA"), based on a determination that he lacked good moral character. For the reasons that follow, we dismiss Hernandez-Hernandez's petition.

I.

Hernandez-Hernandez, a native and citizen of Honduras, entered the United States without inspection in 1998. The Department of Homeland Security filed a Notice to Appear in July 2012, charging that Hernanez-Hernandez was removable for being an alien present in the United States without having been admitted or paroled. Hernandez-Hernandez conceded that he was removable and informed the immigration judge ("IJ") that he would seek cancellation of removal as a non-lawful permanent resident. He filed an application for cancellation of removal.

At a hearing before the IJ in July 2014, at which Hernandez-Hernandez was represented by counsel, he argued that he met the requirements for cancellation of removal because: he had been physically present in the United States since 1998, (2) he had two financially dependent children who were U.S. citizens, (3) he had good moral character, and (4) his children would have exceptional and unusual

2

hardship if he were removed.  The IJ reserved her decision because there were no visa numbers available at that time.[1]

At a hearing in May 2016, the IJ stated that she had been inclined to grant Hernandez-Hernandez's application for cancellation of removal during the July 2014 hearing, but that Hernandez-Hernandez subsequently had been arrested for driving under the influence, which "undercut[] the discretionary ground of his case."  AR at 47.[2]  She stated that Hernandez-Hernandez would need to rehabilitate his good moral character.  Hernandez-Hernandez testified that in July 2015 he was driving after having "two or three" drinks and had backed into another car while trying to maneuver around a collision in the road.  *Id.* at 52.  He was arrested for driving under the influence but was given a ticket for reckless driving.  The criminal record of the incident included a victim statement, in which the victim represented that Hernandez-Hernandez had attempted to run away after the accident, which Hernandez-Hernandez denied.  The criminal record also reflected that Hernandez-Hernandez had refused a breathalyzer test and smelled of alcohol.

---

[1] Congress limits the number of available visas that can be issued each fiscal year.  *See* 8 U.S.C. § 1299b(e) ("[T]he Attorney General may not cancel the removal and adjust the status . . . of a total of more than 4,000 aliens in any fiscal year.").  "When the cap is about to be reached," IJs generally "must reserve decisions granting cancellation or suspension."  U.S. Dep't of Justice, Operating Policies and Procedures Mem. 17-04 (Dec. 20, 2017), http://www.justice.gov/eoir/file/oppm17-04/download.

[2] Citations to "AR" are to the administrative record in this case.

3

Hernandez-Hernandez presented witnesses, including his boss, who testified positively as to his character.

After summarizing the evidence, the IJ found that "[Hernandez-Hernandez] lack[ed] good moral character under the catch-all provision of [§] 101(f) of the [INA] based on his arrest for driving under the influence of alcohol on July 18, 2015 and based on his subsequent conviction . . . for reckless driving, crash." *Id.* at 182. She noted that Hernandez-Hernandez had been advised specifically that a criminal arrest could negatively affect his case but that he nonetheless had driven while under the influence. She also noted that Hernandez-Hernandez had attempted to flee the scene of the incident and that the incident had involved property damage. She denied the application for cancellation of removal.

Hernandez-Hernandez appealed to the Board of Immigration Appeals ("BIA"). Reviewing the IJ's decision *de novo*, the BIA affirmed the decision, noting that the IJ had "several reasons for concluding . . . that [Hernandez-Hernandez] did not have the requisite good moral character under the catch-all provision." AR at 4. The BIA dismissed Hernandez-Hernandez's appeal. Hernandez-Hernandez petitioned this Court for review of the BIA's order.

## II.

"When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopt[ed] the IJ's decision." *Rodriguez v. U.S. Att'y*

*Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013).  We review jurisdictional questions, legal issues, and constitutional claims *de novo*.  *Rivas v. U.S. Att'y Gen.*, 765 F.3d 1324, 1328 (11th Cir. 2014).

"This Court's jurisdiction to review the BIA's discretionary decisions is limited by statute."  *Jimenez-Galicia v. U.S. Att'y. Gen.*, 690 F.3d 1207, 1209 (11th Cir. 2012) (citing 8 U.S.C. § 1252(a)(2)(B)).  We are precluded from reviewing discretionary determinations about cancellation of removal, except those "determinations about which [Hernandez-Hernandez] presents a genuine constitutional claim or question of law."  *Id.*  A "garden-variety abuse of discretion argument[]" that the BIA failed to weigh properly the facts, however, does not present a legal question.  *Id.* at 1210-11 (internal quotation marks omitted).

The Attorney General may cancel the removal of an individual from the United States and adjust his status to lawful permanent resident if he (1) has continuous physical presence in the United States for at least ten years, (2) is of good moral character, (3) has not committed one of a number of specified crimes, and (4) a qualifying relative will suffer exceptional and extremely unusual hardship upon his removal.  8 U.S.C. § 1299b(b)(1).  If a person applying for cancellation of removal falls into one of several enumerated categories, the INA automatically precludes a finding that he has good moral character.  *Id.* § 1101(f).  The INA additionally sets forth "a kind of 'catchall provision,' which says 'that any person

5

is not within any of the *per se* categories shall not preclude a finding that for other reasons such person is or was not of good moral character.'" *Jimenez-Galicia*, 690 F.3d at 1210 (alteration adopted) (quoting § 1101(f)). This Court has held that determinations made pursuant to this catchall provision are discretionary and thus can be reviewed "only if the petitioner presents questions of law or constitutional claims about the decision." *Id.*

We have jurisdiction to consider only Hernandez-Hernandez's argument that the BIA erred as a matter of law by determining that his reckless driving conviction precluded him from establishing good moral character.[3] According to Hernandez-Hernandez, only crimes containing an element of moral turpitude preclude an individual from establishing good moral character. But contrary to Hernandez-Hernandez's contention, the BIA did not conclude that his conviction for reckless driving precluded him from showing good moral character; rather, the BIA denied his petition only after noting that he had driven under the influence and had attempted to flee the scene along with the "positive equities" of his case. AR at 4. And an individual may be deemed as lacking good character under the catchall provision regardless of the elements of any particular crime the petitioner may have committed. Whether "a person lacks good moral character 'for other

---

[3] To the extent Hernandez-Hernandez argues that the BIA erred in finding that he lacked good moral character based on the facts of his arrest and conviction, we lack jurisdiction to consider that argument. As we explained in *Jimenez-Galicia*, "[w]e have no jurisdiction to consider . . . arguments about how the BIA weighed the facts in the record." *Id.* at 1210-11.

6

reasons' is a matter of judgment not tightly controlled by formula or by hard rules." *Jimenez-Galicia*, 690 F.3d at 1210.  We thus reject Hernandez-Hernandez's argument that the BIA erred in determining that he lacked good moral character.

Hernandez-Hernandez also argues that the IJ erred by considering the police reports and the victim statement in finding that he lacked good character, because those statements were hearsay.  We lack jurisdiction to review this claim because Hernandez-Hernandez failed to present it to the BIA.  *See Amaya-Artunduaga v. U.S. Att'y. Gen.*, 463 F.3d 1247 (11th Cir. 2006) (explaining that this Court lacked jurisdiction over the petitioner's argument where the BIA had not "consider[ed] the merits of . . . [the] argument, and, therefore, there [was] no final agency decision with respect to this claim").  Although Hernandez-Hernandez challenged the IJ's finding that certain hearsay statements made during the hearing were credible, he never argued that the hearsay was inadmissible.  We thus lack jurisdiction to consider whether the IJ improperly considered hearsay statements in reaching her decision.

**DISMISSED**.