[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11015
Non-Argument Calendar
_____

Agency No. A073-215-025

ROSARIO BAUTISTA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 28, 2019)

Before MARCUS, WILSON and HULL, Circuit Judges.

PER CURIAM:

Rosario Bautista, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") final order dismissing his appeal from the Immigration Judge's ("IJ") denial of his application for cancellation of removal.[1] On appeal, Bautista argues that (1) the IJ and BIA erred in determining that he had not demonstrated "exceptional and extremely unusual hardship" to any of his six U.S.-born children; and (2) the IJ's decision violated his and his family's fundamental rights to marriage and familial association, equal protection, and due process because it separates him from his wife and children.  After review, we dismiss Bautista's petition for review for lack of jurisdiction.[2]

The Attorney General has discretion to cancel the removal of an inadmissible or deportable alien who: (1) has been physically present in the United States for at least ten years; (2) has good moral character; (3) has a lack of certain criminal convictions; and (4) establishes that his removal would result in "exceptional and extremely unusual hardship" to his spouse or child, who is a citizen of the United States.  Immigration and Nationality Act ("INA") § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).  Our review of the denial of cancellation of removal is limited by statute.  See INA § 242(a)(2)(B)(i), 8 U.S.C.

---

[1]Bautista does not challenge his removal order but only the denial of his application for cancellation of removal.

[2]We review our subject matter jurisdiction de novo.  Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

1252(a)(2)(B)(i).  We are precluded from reviewing discretionary determinations about cancellation of removal, except to the extent the petitioner "presents a genuine constitutional claim or question of law."  Jimenez-Galicia v. U.S. Att'y Gen., 690 F.3d 1207, 1209 (11th Cir. 2012); INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  This Court has specifically held that an "exceptional and extremely unusual hardship determination is a discretionary decision not subject to review."  Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003).  To be reviewable, a constitutional claim must be colorable, Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 (11th Cir. 2007), and "garden-variety abuse of discretion arguments about how the BIA weighed the facts in the record" do not present a constitutional claim or legal question.  Jimenez-Galicia, 690 F.3d at 1210-11 (quotation marks omitted).

In addition, we lack jurisdiction to consider a claim unless "the alien has exhausted all administrative remedies available to the alien as of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).  Accordingly, if the petitioner has not raised an issue before the BIA, we lack jurisdiction over it.  See Amaya-Artunduaga, 463 F.3d at 1250.

Here, we lack jurisdiction to review Bautista's petition.  First, Bautista challenges the IJ's and BIA's discretionary determination that he did not establish

exceptional or extremely unusual hardship to his family, which is not reviewable by this Court.  Second, to the extent that Bautista raises constitutional claims, Bautista failed to raise those claims before the BIA, despite having the ability to do so.  Further, although Bautista couches his arguments in terms of constitutional violations, he is effectively challenging the finding that he had not shown his family would suffer the requisite degree of hardship as a result of their separation. Therefore, we do not have jurisdiction to review his purported constitutional claims either.

For these reasons, we dismiss Bautista's petition for lack of jurisdiction.

**PETITION DISMISSED.**