[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13363
Non-Argument Calendar
_____

Agency No. A200-683-856


MIGUEL ESPINA-RUIZ,
a.k.a. Carlos Javier Delgado-Cruz,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 16, 2019)

Before JILL PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Miguel Espina-Ruiz seeks review of the Board of Immigration Appeals

("BIA") order dismissing his appeal from the denial of his application for

cancellation of removal.  He challenges the BIA's determination that he failed to show that his family would suffer "exceptional and extremely unusual hardship" if he were removed.  We dismiss the petition for lack of jurisdiction.

I.

Espina-Ruiz, a native and citizen of Mexico, entered the United States on an unknown date without inspection.  The Department of Homeland Security issued a notice to appear charging that Espina-Ruiz was removable because he entered the United States illegally.  Espina-Ruiz conceded removability and filed an application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1), which provides that the Attorney General may cancel the removal of an alien who (1) has been in this country for a continuous period of at least 10 years, (2) "has been a person of good moral character during such period," (3) has no convictions for certain crimes, and (4) "establishes that removal would result in exceptional and extremely unusual hardship to" an immediate family member who is a United States citizen or lawful permanent resident.  8 U.S.C. § 1229b(b)(1)(A)–(D).

In his application, Espina-Ruiz stated that his removal would cause "exceptional and extremely unusual hardship" to his two U.S.-born sons, currently ages 19 and 20.  At subsequent hearings, Espina-Ruiz testified that he was part-owner of a welding business and earned about $1000 per week.  In Mexico, he would only be able to earn about $100 per week.  If he were removed, therefore,

2

his sons—who would remain in the United States with their mother—would lose not only his parental guidance and companionship, but also his financial support for college.

The IJ denied Espina-Ruiz's application for cancellation of removal because Espina-Ruiz failed to establish that his removal would result in "exceptional and extremely unusual hardship" to his children. Espina-Ruiz appealed to the BIA, which dismissed the appeal. The BIA determined that the IJ had properly considered Espina-Ruiz's testimony and evidence, made no clearly erroneous findings of fact, and showed no bias or prejudice. The BIA concluded that Espina-Ruiz had not satisfied the statutory hardship requirement because the evidence showed that the impact on his family would be primarily economic, a natural consequence of the removal of a family member. The BIA noted that, while he might not have the same earning capacity upon removal, there was no evidence to show that Espina-Ruiz would be unable to work in Mexico, and he had several family members living there who could provide financial support. It also noted that, while Espina-Ruiz's children may have reduced educational opportunities due to the financial consequences of his removal, the evidence did not show the heightened degree of hardship required to warrant the cancellation of removal.

II.

We must first consider whether we have jurisdiction to review Espina-Ruiz's petition. *Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006). We review our subject-matter jurisdiction de novo. *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283 (11th Cir. 2007).

As a general rule, we lack jurisdiction to review immigration decisions that Congress has committed to the discretion of the Attorney General, including decisions to grant or deny cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i)–(ii); *Jimenez-Galicia v. U.S. Att'y Gen.*, 690 F.3d 1207, 1209 (11th Cir. 2012). In such cases, our jurisdiction is limited to review of "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). A petitioner must make a genuine, colorable claim of legal error to invoke our jurisdiction; "garden variety abuse of discretion" claims dressed up in legal terms will not suffice. *Jimenez-Galicia*, 690 F.3d at 1211 (citation and punctuation omitted).

To determine whether we have jurisdiction, "we must look hard at Petitioner's actual arguments—not just his description of his claims." *Id.* Here, Espina-Ruiz claims that the BIA failed to give "reasoned consideration" to his testimony that his earning capacity would be drastically reduced in Mexico, and that, as a result, he would be unable to pay for his sons' college education. But

4

while Espina-Ruiz attempts to frame his arguments in terms of a legal question, [1] it is plain from the record that the BIA considered that evidence—and addressed it in its order—but did not give it the weight that Espina-Ruiz thought that it deserved. At bottom, Espina-Ruiz takes issue with the BIA's conclusion that his evidence was insufficient to satisfy § 1229b(b)(1)(D)'s "exceptional and extremely unusual hardship" requirement.  We lack jurisdiction to consider that issue.  *See Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 549–50 (11th Cir. 2011) ("[W]hat constitutes 'an exceptional and extremely unusual hardship" is itself a discretionary determination."); *Jimenez-Galicia*, 690 F.3d at 1211 ("[A]rguments about how the BIA weighed the facts in the record" fall outside our jurisdiction.)

**PETITION DISMISSED.**

---

[1] We have held that whether the BIA gave "reasoned consideration" to a petitioner's claim for humanitarian asylum under the Convention Against Torture ("CAT") is a question of law that falls within our jurisdiction.  *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d. 1224, 1231, 1232 (11th Cir. 2013) (noting that the requirement for "reasoned consideration" comes from a regulation implementing the CAT).  But "[o]ur limited review of whether the Board gave reasoned consideration to a petition does not amount to a review for whether sufficient evidence supports the decision of the Board, and we lack jurisdiction to review petitions that 'contest the weight and significance given [by the Board] to various pieces of evidence.'"  *Id.* at 1232.