[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  19-11274
Non-Argument Calendar

_____

Agency No. A094-376-744

NICOLAS CABALLERO-PINEDA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 18, 2019)

Before MARTIN, ROSENBAUM, and TJOFLAT, Circuit Judges.

PER CURIAM:

Nicolas Caballero-Pineda, a native and citizen of El Salvador, challenges whether the Board of Immigration Appeals ("BIA") applied the appropriate legal standard in affirming the Immigration Judge's ("IJ") discretionary denial of his application for special-rule cancellation of removal pursuant to the Nicaraguan Adjustment and Central American Relief Act ("NACARA").[1]  Because we determine that the BIA applied the appropriate legal standard, we dismiss his petition.

In its review, the BIA determined that the IJ erred by applying the incorrect hardship standard in evaluating Caballero-Pineda's eligibility for NACARA relief,[2] a finding that neither party disputes.  The BIA, however, affirmed the denial of NACARA relief based on its de novo review of the IJ's decision.  The BIA, like the IJ, was unpersuaded that Caballero-Pineda's equities were outweighed by his lack of candor throughout the process and affirmed the IJ's

---

[1] The BIA also affirmed the IJ's denial of Caballero-Pineda's applications for cancellation of removal, asylum, withholding of removal, and Convention Against Torture relief. Caballero-Pineda does not challenge those holdings in this appeal.

[2] A NACARA cancellation applicant must prove that the applicant: "(1) is not inadmissible for having committed a crime of moral turpitude; (2) has been physically and continuously present in the United States for at least the seven years before applying for special-rule cancellation; (3) has been a person of good moral character during those seven years; and (4) establishes that removal would result in extreme hardship to the alien or to the alien's spouse, parent, or child, who is a citizen or legal permanent resident of the United States." *Jimenez-Galicia v. U.S. Att'y Gen.*, 690 F.3d 1207, 1208 n.1 (11th Cir. 2012).  There is a rebuttable presumption that a NACARA cancellation applicant has satisfied the extreme hardship standard, which the IJ failed to apply.  *See* 8 C.F.R. § 1240.64(d)(1) ("An applicant . . . shall be presumed to have established that deportation or removal from the United States would result in extreme hardship to the applicant or to his or her spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.").

discretionary decision to deny relief.  Caballero-Pineda argues that the BIA erred by affirming the IJ's denial of his petition because the IJ did not deny his petition on discretionary grounds, but rather denied his petition based on a misapplication of the hardship standard.

Before considering the merits of a petition, we "must first consider whether we have subject matter jurisdiction to hear the petition at all."  *Resendiz–Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004).  Section 202(f) of NACARA contains a jurisdiction-stripping provision that provides that "[a] determination by the Attorney General as to whether the status of any alien should be adjusted under this section is final and shall not be subject to review by any court."  *Ortega v. U.S. Att'y Gen.*, 416 F.3d 1348, 1350 (11th Cir. 2005).  Therefore, we generally lack jurisdiction to review a decision as to whether an applicant's status should be adjusted under NACARA.  *Frech v. U.S. Att'y Gen.*, 491 F.3d 1277, 1280 (11th Cir. 2007).  We, however, retain jurisdiction to review all "constitutional claims or questions of law raised upon a petition for review."  8 U.S.C. § 1252(a)(2)(D); *Frech*, 491 F.3d 1281.  We can only review Caballero-Pineda's petition for review if he presents a genuine, colorable constitutional or legal claim. *Jimenez-Galicia*, 690 F.3d at 1209.  Caballero-Pineda claims that the BIA applied the wrong legal standard, which is a question of law that we have

3

jurisdiction to review. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016).

The BIA did not apply the wrong legal standard in reviewing Caballero-Pineda's petition for NACARA relief. Under 8 C.F.R. § 1003.1(d)(3)(i)-(ii), the BIA reviews factual findings for clear error and questions of discretion de novo. Here, the BIA accepted the IJ's findings that there were several positive equities in Caballero-Pinera's favor, including his length of residence in the United States, his family ties, his employment history, and the hardship that his removal would cause to his family and himself. The BIA also accepted the IJ's findings and credibility determination related to Caballero-Pinera's lack of candor throughout the proceedings. The BIA, like the IJ,[3] then determined that the equities did not outweigh Caballero-Pinera's lack of candor. The BIA applied the appropriate legal standard. Accordingly, we dismiss Caballero-Pineda's petition for review.

**PETITION DISMISSED.**

---

[3] The BIA would have been justified in making its own discretionary determination even if the IJ had not provided an alternate, discretionary reason to deny relief. *See Palaez v. U.S. Att'y Gen.*, 373 F. App'x 37, 41 (11th Cir. 2010) ("[E]ven though the IJ did not deny Palaez's application as a matter of discretion, the BIA's decision to do so did not violate his right to due process.").