[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11506
Non-Argument Calendar

_____

Agency No. A013-258-567

JOSE ABELLA-SANTAMARINA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 21, 2018)

Before MARCUS, BRANCH and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jose Abella-Santamarina seeks review of the Board of Immigration

Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of

his application for a waiver of grounds of excludability under former Immigration

and Nationality Act ("INA") § 212(a), pursuant to former INA § 212(c), 8 U.S.C. § 1182(c) (1988).  As the record reflects, Abella was convicted in 1990 after a jury trial for one count of conspiracy to import cocaine, in violation of 21 U.S.C. § 963, and one count of importation of cocaine, in violation of 21 U.S.C. § 952 and 18 U.S.C. § 2.  On appeal, Abella argues that the BIA legally erred when it determined that the facts of his crime he testified to could not plausibly sustain a conviction under 21 U.S.C. § 963 and when it failed to apply the proper factors for making a credibility finding.   After careful review, we dismiss the petition.

We review only the decision of the BIA, except to the extent that the BIA expressly adopts or explicitly agrees with the IJ's opinion.  Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010).  Here, the BIA issued its own decision but agreed with the IJ's finding of facts, so we will review the BIA's decision and the IJ's decision, to the extent of their agreement.  See id.

We review questions of subject matter jurisdiction de novo.   Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007).   We are obligated to inquire into our jurisdiction whenever it may be lacking.  Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1283 (11th Cir. 2007).  Congress generally divested us of jurisdiction to review any decision or action committed to the discretion of the Attorney General.  8 U.S.C. § 1252(a)(2)(B)(ii).  We're also barred from reviewing "any final order of removal against an alien who is removable by reason of having

committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii) . . . ." of Title 8.  8 U.S.C. § 1252(a)(2)(C).  Our jurisdiction under § 1252(a)(2)(C) is limited to determining whether a petitioner is an (1) alien (2) who is removable (3) for a disqualifying offense.  Ferguson v. U.S. Att'y Gen., 563 F.3d 1254, 1259 n.9 (11th Cir. 2009).

Nonetheless, we retain jurisdiction to review any constitutional question or question of law.  8 U.S.C. § 1252(a)(2)(D).  We must "look hard" at the petitioner's actual arguments -- not just his description of his claims -- to assess whether we have jurisdiction to consider his petition for review.  Jimenez-Galicia v. U.S. Att'y Gen., 690 F.3d 1207, 1211 (11th Cir. 2012).  We lack jurisdiction over "abuse of discretion claims merely couched in [legal] language," as granting review of such a claim would "circumvent clear congressional intent to eliminate judicial review."  Arias, 482 F.3d at 1284 (quotation omitted).

Moreover, constitutional claims and questions of law do not include "garden-variety" arguments about how the BIA weighed the facts in the record.  Alvarez Acosta v. U.S. Att'y Gen., 524 F.3d 1191, 1196–97 (11th Cir. 2008) (quotation omitted).  Similarly, when a petitioner merely alleges that the BIA applied an incorrect legal standard in an attempt to frame a challenge to the BIA's factual determinations as a question of law, we lack jurisdiction to review the BIA's decision.  Garcia v. U.S. Att'y Gen., 329 F.3d 1217, 1222 (11th Cir. 2003).

We review an agency's factual determinations under the highly deferential substantial-evidence test. See, e.g., Adefemi v. Ashcroft, 386 F.3d 1022, 1026–27 (11th Cir. 2004) (en banc). Under this test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1027 (quotation omitted). A credibility determination is a factual finding. See Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

The decision to grant or deny a waiver under former § 212(c) is within the discretion of the Attorney General. Arias, 482 F.3d at 1283. Under that version of the statute, the Attorney General had broad discretion to waive certain grounds of excludability against lawful permanent residents who had a lawful unrelinquished domicile of seven consecutive years. 8 U.S.C. § 1182(c) (1988). The statute provided, in pertinent part: "Aliens lawfully admitted for permanent resident . . . may be admitted in the discretion of the Attorney General without regard to [their excludability under certain grounds in section 212(a) of the INA.]." Id.

The BIA has held, in construing former INA § 212(c), that the alien bears the burden of demonstrating that his application warrants favorable consideration. Matter of Edwards, 20 I. & N. Dec. 191, 194 (BIA 1990). The exercise of discretion requires the agency to consider "all the facts and circumstances involved" and to balance "the social and humane considerations presented in an

4

alien's favor against the adverse factors evidencing his undesirability as a permanent resident." Id. at 195. One factor to be considered is rehabilitation. Id. Evidence of an alien's efforts towards rehabilitation include his "apparent acceptance of responsibility" for his crime. In re Arreguin De Rodriguez, 21 I. & N. Dec. 38, 40 (BIA 1995).

The adverse factors the agency considers in this analysis include "the nature and underlying circumstances of the exclusion or deportation ground at issue," "the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country." Edwards, 20 I. & N. Dec. at 195. Moreover, "lack of candor in itself serves as an adverse factor weighing against a favorable exercise of discretion." Matter of Burbano, 20 I. & N. Dec. 872, 876 (BIA 1994). "[A]s the negative factors grow more serious" -- when, for example, an alien has been convicted of a serious drug offense like drug trafficking -- "it becomes incumbent upon the alien to introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities." Edwards, 20 I. & N. Dec. at 195. Sometimes, "the adverse considerations are so serious that a favorable exercise of discretion is not warranted even in the face of unusual or outstanding equities." Id. at 196.

Here, the BIA's ultimate decision not to grant relief under § 212(c) was discretionary.  8 U.S.C. § 1182(c) (1988); Arias, 482 F.3d at 1283.  As a result, unless Abella raises a question of law or constitutional claim arising out of his removal proceedings, we lack jurisdiction over his petition for review.  See 8 U.S.C. § 1252(a)(2)(D).  Looking hard at Abella's actual arguments, as we must, Jimenez-Galicia, 690 F.3d at 1211, we conclude that he has couched his claim in legal language, but he has not raised a question of law suitable for review.  Arias, 482 F.3d at 1284.  He conceded he is (1) an alien, (2) removable, and (3) has been convicted of a disqualifying offense, absent unusual or outstanding equities. Ferguson, 563 F.3d at 1271 n.9.  Unlike petitioners whose claims have centered on whether they were eligible for discretionary relief, Abella challenges whether the equities of his particular case warranted relief, which is a discretionary matter. Compare Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1360 (11th Cir. 2006); Garcia v. U.S. Att'y Gen., 329 F.3d 1217, 1222 (11th Cir. 2003).  Thus, Abella's challenge is foreclosed because we lack jurisdiction over the BIA's discretionary determinations as to whether aliens warrant relief under former INA § 212(c).  8 U.S.C. § 1252(a)(2)(B)(ii), (A)(iii).

Abella also argues the BIA's understanding of criminal law was flawed when it found his testimony to be implausible -- specifically, the agency found that his testimony regarding his 1990 conviction was ambiguous and lacked detail, and

that he "was being evasive while discussing his conviction and . . . offered an implausible explanation for his conviction." But regardless of how the BIA erred in concluding that Abella's testimony was implausible, it was still making a factual determination about his credibility. See Forgue, 401 F.3d at 1287. In other words, Abella is essentially challenging whether the BIA's credibility determination and other factual findings were supported by the evidence. See Garcia, 329 F.3d at 1222. Therefore, he has not raised a colorable legal question sufficient to grant us jurisdiction over his petition, and we are compelled to dismiss it for a lack of jurisdiction. 8 U.S.C. § 1252(a)(2)(D); Alvarez Acosta, 524 F.3d at 1196–97.

**PETITION DISMISSED.**