[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13732
Non-Argument Calendar

_____

Agency No. A205-006-539

VERONICA ALONSO-DIAZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 22, 2019)

Before TJOFLAT, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Veronica Alonso-Diaz, a native and citizen of Mexico, seeks review of a Board of Immigrations Appeals ("BIA") decision dismissing her appeal from the denial of her application for cancellation of removal. Alonso-Diaz argues that the immigration judge ("IJ") erred in determining that she was not credible and in finding that she had not met the ten-year physical-presence requirement for cancellation of removal. We dismiss the petition for lack of jurisdiction.

I.

Alonso-Diaz entered the United States without admission or parole on an unknown date. In 2011, the Department of Homeland Security ("DHS") served her with a Notice to Appear, which charged her with being removable as an alien present in the United States without admission or parole. She conceded removability and applied for cancellation of removal on the ground that her removal would cause "exceptional and extremely unusual hardship" to her son, who is a United States citizen. 8 U.S.C. § 1229b(b)(1)(D).

Alonso-Diaz testified at her removal hearing, answering questions posed by her attorney, counsel for DHS, and the IJ. The IJ found that she was not credible in light of factual discrepancies in information she provided about her marriage and residency, contradictions between representations she made in her application for cancellation of removal and her hearing testimony, and her admission that she had used her sister's Social Security number to file her taxes and had falsely

2

claimed her nieces and nephews as dependent children on her tax returns. After giving little or no weight to Alonso-Diaz's testimony and the conflicting documentation regarding the duration of her residency in the United States, the IJ denied her application for cancellation of removal because she had not met her burden of showing that she had been continuously present in the United States for ten years. As an alternative ground for denial, the IJ also found that her removal would not cause exceptional or extremely unusual hardship to a United States citizen family member. The BIA agreed with the IJ's findings and dismissed Alonso-Diaz's appeal, and this petition for review followed.

## II.

Under the Immigration and Nationality Act, the Attorney General has the discretion to cancel the removal of an alien who, among other things, has been physically present in this country continuously for at least ten years and has shown "that removal would result in exceptional and extremely unusual hardship to" an immediate family member who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1)(A)–(D). We lack jurisdiction to review the agency's denial of this discretionary relief, except to the extent that the petitioner raises constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(B) & (D); *Jimenez-Galicia v. U.S. Att'y Gen.*, 690 F.3d 1207, 1209 (11th Cir. 2012). Our jurisdiction is further limited to claims for which "the alien has exhausted all

administrative remedies available to the alien as of right" by raising the claims

before the BIA.  8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463

F.3d 1247, 1250 (11th Cir. 2006).

We are obligated to consider our own jurisdiction as a threshold question.

*Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006).  Whether we have

subject-matter jurisdiction is a question of law that we decide *de novo*.  *Arias v.*

*U.S. Att'y Gen.*, 482 F.3d 1281, 1283 (11th Cir. 2007).

A.

Alonso-Diaz first contends that, in determining that she had not been present

in the United States for ten years, the IJ failed to give "reasoned consideration" to

the evidence and instead viewed the inconsistencies between various documents

and her testimony in the most negative light.  Although she characterizes this claim

as a legal question, her real argument is that the IJ gave too much weight to the

discrepancies in the evidence and too little weight to her hearing testimony when

making his credibility determination, which in turn influenced his conclusion that

she had not been present in the United States as long as she claimed.  In

considering whether we have subject-matter jurisdiction, "we must look hard at

Petitioner's actual arguments—not just [her] description of [her] claims."  *Jimenez-*

*Galicia*, 690 F.3d at 1211.  A challenge to "the agency's credibility determination

and the relative weight accorded to the evidence" really is nothing more than "a

4

'garden-variety abuse of discretion argument' that is insufficient to state a legal claim over which we have jurisdiction under § 1252(a)(2)(D)." *Fynn v. U.S. Att'y Gen.*, 752 F.3d 1250, 1253 (11th Cir. 2014) (quoting *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1196–97 (11th Cir. 2008)).

## B.

Next, Alonso-Diaz argues that the IJ misapplied 8 U.S.C. § 1229a(c)(4)(B) ("Sustaining burden") by concluding that she did not meet the physical-presence requirement without first requesting that she provide additional evidence corroborating her testimony that she had been in the United States since May 2001. Even if the cited statute could be interpreted to support this argument, we lack jurisdiction to consider the claim because she did not raise it on appeal to the BIA. Although she challenged the IJ's determination that she had not met the ten-year requirement, she did not argue that the IJ should have requested—or even that she should have been allowed to submit—supplemental evidence first. "A petitioner has not exhausted a claim unless he has both raised the 'core issue' before the BIA and also set out any discrete arguments he relies on in support of that claim." *Jeune v. U.S. Atty. Gen.*, 810 F.3d 792, 800 (11th Cir. 2016) (internal citations omitted).

5

Because Alonso-Diaz does not raise any legal or constitutional claim for which she has exhausted her administrative remedies, we dismiss her petition for lack of jurisdiction.

**PETITION DISMISSED.**

JORDAN, Circuit Judge, concurring in the judgment.

The immigration judge and the BIA ruled, in the alternative, that Ms. Alonso-Diaz failed to show that her removal would cause extreme hardship to her child, who is a U.S. citizen. I would dismiss Ms. Alonso-Diaz's petition on the ground that this ruling is unreviewable, and not reach the other issues. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez v. U.S. Atty. General*, 446 F.3d 1219, 1221-23 (11th Cir. 2006).