`                                                    [DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15240
Non-Argument Calendar
_____

Agency No. A216-027-460


EDUARDO BRIONES ALVAREZ,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 10, 2019)

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Eduardo Briones Alvarez seeks review of the Board of Immigration Appeals' decision affirming the Immigration Judge's denial of his application for cancellation of removal.  In his petition, Alvarez asserts that the agency violated his due process rights by assigning substantial weight to a police report indicating that he had provided fraudulent identification documents to law enforcement. Under the Immigration and Nationality Act, we lack jurisdiction to review the Board's decision to grant or deny discretionary applications for cancellation of removal unless (as relevant here) the petitioner raises a genuine constitutional claim or question of law.  *See* 8 U.S.C. § 1252(a)(2)(B), (D).  Because Alvarez failed to raise a colorable legal question or constitutional issue on appeal, we dismiss his petition for lack of jurisdiction.

## I

Alvarez is a native and citizen of Mexico.  He entered the United States in 2005 without inspection and has continuously remained in the country since.  After several arrests and convictions for traffic violations, the Department of Homeland Security served Alvarez with a Notice to Appear, charging him as removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled after inspection by an Immigration Officer. Alvarez admitted to the allegations in the Notice and conceded removability.  He then applied for a cancellation of removal and voluntary departure, which the IJ

denied (and the Board affirmed) on the basis that Alvarez had failed to establish good moral character under 8 U.S.C. § 1101(f)'s "catchall" provision. Alvarez now petitions for review of the Board's final order.

## II

We review our own subject matter jurisdiction *de novo*. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). We review the Board's legal determinations *de novo*. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010). The Board's decision is reviewed as the final agency decision, but we also review the IJ's decision to the extent that the Board expressly adopts it. *Id.* When the Board explicitly agrees with the IJ's findings, "we review the decisions of both the Board and the immigration judge as to those issues." *Id.* at 948.

The Attorney General has discretion to cancel the removal of a non-permanent resident alien if that alien (A) has been continuously physically present for not less than 10 years; (B) has shown good moral character during that period; (C) lacks certain criminal convictions; and (D) establishes that removal would cause "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b). Several classes of persons are deemed not to be of good moral character *per se*, *see* 8 U.S.C. § 1101(f), but the statute also provides a "catchall" provision which explains that failure to fall within one of these classes doesn't

preclude a finding that the person is not of good moral character for other reasons, *id.*; *Jimenez-Galicia v. U.S. Att'y Gen.*, 690 F.3d 1207, 1210 (11th Cir. 2012).

Under the INA's discretionary-decision bar, we lack jurisdiction to review the Board's decision to grant or deny discretionary applications for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B); *Gonzalez-Oropeza*, 321 F.3d at 1332–33. The Board's determination that a person lacks good moral character under the "catchall provision" is a discretionary decision. *Jimenez-Galicia*, 690 F.3d at 1210. We do, however, retain jurisdiction to review questions of law and constitutional claims regarding discretionary determinations. *See* 8 U.S.C. § 1252(a)(2)(D). A question of law or constitutional claim must be "genuine," and "we must look hard at Petitioner's actual arguments—not just his description of his claims—to determine whether we have jurisdiction." *Jimenez-Galicia*, 690 F.3d at 1209, 1211; *see also Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1197 (11th Cir. 2008) (noting that constitutional claims must be "non-frivolous"). While a question of law requires "the application of an undisputed fact pattern to a legal standard," a discretionary decision "requires an adjudicator to make a judgment call." *Bedoya-Melendez v. U.S. Att'y Gen.*, 680 F.3d 1321, 1324 (11th Cir. 2012) (citations omitted).

Here, the agency made the discretionary decision that Alvarez failed to establish good moral character under the catchall provision. In order for this Court

to have jurisdiction, Alvarez must have raised a colorable legal question or constitutional issue in his petition.  *See* 8 U.S.C. § 1252(a)(2)(D).  He didn't.  In his brief, Alvarez explicitly argues that the Board improperly "gave substantial weight to [a] one-sided narrative of the police report notwithstanding the consistent testimony of Petitioner denying any wrongdoing."  Although Alvarez states that the arrest report was "impermissible hearsay," he doesn't cite to any precedent in support of his argument.  And in fact, we have expressly held (as Alvarez concedes in his brief) that police reports, though hearsay, are admissible in administrative immigration proceedings.  *Garces v. U.S. Atty. Gen.*, 611 F.3d 1337, 1349 (11th Cir. 2010).  So, because we have already settled the question of the admissibility of police reports in immigration proceedings, Alvarez has arguably raised a legal question, but it isn't a colorable one.  Stated differently, although Alvarez attempts to dress his appeal as a due process claim, "[a] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb."  *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)).

**III**

We lack jurisdiction to review Alvarez's petition because he failed to raise a colorable legal question or constitutional issue on appeal.  Accordingly, we dismiss his petition.

**PETITION DISMISSED.**