[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10031
Non-Argument Calendar

_____

Agency No. A077-857-125

EMMANUEL JOSEPH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 22, 2019)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Emmanuel Joseph, a Bahamian national and Haitian citizen, petitions for

review of the Board of Immigration Appeals's ("BIA") decision denying his

application for cancellation of removal by a lawful permanent resident, 8 U.S.C. § 1229b(b), and denying his motion to remand to the Immigration Judge for consideration of new evidence. After careful review, we deny the petition in part and dismiss it in part.

## I.

Joseph is a native of the Bahamas and a citizen of Haiti who entered the United States as a visitor in 1999 and was adjusted to lawful permanent resident status in 2001. More than ten years later, he was charged as removable based on prior convictions for burglary and a crime of child abuse. Joseph admitted the two convictions, and an immigration judge ("IJ") found him removable based on the child-abuse conviction. *See* 8 U.S.C. § 1227(a)(2)(E)(i).

Joseph then applied for cancellation of removal and submitted various supporting documents. The documents related to his criminal history; his family members, community involvement, and employment history; and his efforts at rehabilitation while in prison. Joseph also testified before an IJ at a merits hearing.

Regarding his criminal history, the evidence showed that Joseph was convicted of burglary and child abuse, both third-degree felonies in Florida. The two convictions arose out of events that occurred on a single night in 2008, when Joseph was 19 and in high school. That night, Joseph held a gathering at his residence while his parents were away. During the gathering, he had sexual

2

intercourse with a 15-year-old girl who had been drinking alcohol, and who later reported the incident to police. Later that same night, Joseph acted as a lookout while several friends burglarized a Pizza Hut restaurant.

Based on this conduct, Joseph was charged with lewd and lascivious battery, a second-degree felony, and burglary. He pled guilty to the lesser-included offense of child abuse and to the burglary offense. He was sentenced to probation for both offenses. In 2012, Joseph was arrested for driving under the influence. The state decided not to prosecute him, but the arrest resulted in the revocation of his probation and a sentence of 18 months of imprisonment. He served a total of 11 months, after which he was placed in ICE custody and then released on bond.

The IJ denied Joseph's application for cancellation of removal and ordered him removed. The IJ first made an adverse credibility finding, stating that there were inconsistencies within Joseph's testimony and the evidence of record. The IJ then concluded that, while Joseph was statutorily eligible for cancellation of removal, he did not merit cancellation as a matter of discretion.

The IJ explained that the discretionary cancellation determination involves balancing positive and negative factors based on the totality of the evidence. Joseph had "a number of positive factors," according to the IJ, including long-term residence in the United States, during which he regularly attended school and worked to support himself and his mother in the home he and his mother jointly

3

owned. Other positive factors included Joseph's support from friends, family, and employers, his participation in classes during incarceration, and his lack of criminal history apart from the three incidents discussed above. But, according to the IJ, Joseph's case also presented "significant negative factors," with the most important being his child-abuse and burglary convictions. The IJ ultimately concluded that the negative factors "outweigh[ed] the positive" and that Joseph did not merit a favorable exercise of discretion.

Joseph appealed to the BIA, challenging the IJ's credibility determination and arguing that he merited cancellation of removal as a matter of discretion. Joseph also filed a motion to remand to the IJ to consider his recent marriage to a United States citizen and the hardships to his new wife and her child.

The BIA issued an order dismissing the appeal and denying the motion to remand. The BIA found it unnecessary to address the IJ's adverse credibility determination because it "affirm[ed] the [IJ's] discretionary denial even assuming the respondent to be credible." The BIA then reviewed the positive and negative equities in Joseph's case. Joseph had "a number of positive equities," according to the BIA, including the length of U.S. residency, his status as a lawful permanent resident, his family ties in the United States, including his recent marriage, his co-ownership of a home, his care for his ill mother, and his positive employment history. On the other side of the equation, "[t]he predominant negative factor is the

respondent's criminal history."  The BIA reviewed the undisputed facts about Joseph's prior convictions for child abuse and burglary and his 2012 arrest for driving under the influence.  The BIA concluded that the criminal conduct was serious and that, although it was a "close case," the seriousness of Joseph's criminal history outweighed the positive equities.  The BIA therefore affirmed the IJ's denial of cancellation of removal as a matter of discretion.

As to the motion to remand, the BIA found that Joseph's recent marriage did not "diminish the significance of his criminal history" or tip the balance in his favor. Accordingly, the BIA concluded that remand was not warranted because Joseph had failed to make a prima facie showing that he merited cancellation as a matter of discretion.  Joseph now petitions for review of the BIA's decision.

## II.

We review the BIA's decision as the final judgment, except to the extent the BIA expressly agreed with any of the IJ's findings.  *Ruiz v. Gonzalez*, 479 F.3d 762, 765 (11th Cir. 2007).  We review *de novo* legal and constitutional issues, including whether we have subject-matter jurisdiction to consider a petition for review.  *Zhou Hua Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1307 (11th Cir. 2013); *Ruiz*, 479 F.3d at 765.

Section 1229b(a) gives the Attorney General discretion to cancel the removal of a lawful permanent resident who is deportable from the United States if the

5

resident (1) has been lawfully admitted for permanent residence for at least five years, (2) has resided in the United States continuously for seven years after having been admitted, and (3) has not been convicted of any aggravated felony.  8 U.S.C. § 1229b(a).

When determining whether an applicant merits a favorable exercise of discretion, the IJ "is required to balance the positive and adverse matters" on the record as a whole.  *Matter of Marin*, 16 I. & N. Dec. 581, 584 (BIA 1978), *abrogated in part by Matter of Edwards*, 20 I. & N. Dec. 191 (BIA 1990).  Positive factors include

> family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred while the respondent was of young age), evidence of hardship to the respondent and family if deportation occurs, service in this country's Armed Forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, *proof of a genuine rehabilitation if a criminal record exists*, and other evidence attesting to a respondent's good character (e.g., affidavits from family, friends, and responsible community representatives).

*Id.* at 584–85 (emphasis added); *Matter of Silva-Trevino*, 26 I. & N. Dec. 826, 837 (BIA 2016) ("[A]ny rehabilitation or lack of rehabilitation may be deemed a relevant factor in the analysis, depending on the evidence presented.").  Negative factors include "the nature and underlying circumstances of the exclusion ground at issue, the presence of additional significant violations of this country's immigration laws,

the existence of a criminal record and, if so, its nature, recency, and seriousness," and other evidence of bad character. *Matter of Marin*, 16 I. & N. Dec. at 584.

Notably, we lack jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i). In other words, we are barred from reviewing "the BIA's discretionary judgments that grant or deny petitions for cancellation of removal." *Jimenez-Galicia v. U.S. Att'y Gen.*, 690 F.3d 1207, 1209 (11th Cir. 2012). Thus, we lack jurisdiction to review the BIA's determination that Joseph did not merit a favorable exercise of discretion on his application for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Jimenez-Galicia*, 690 F.3d at 1209.

We may, however, review non-frivolous constitutional claims or questions of law raised in a challenge to the denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(D); *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1196–97 (11th Cir. 2008) (stating that we lack jurisdiction to review "garden-variety abuse of discretion argument[s]" framed as questions of law). "An argument that the agency applied the wrong legal standard in making a determination constitutes a legal question." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). So too does an "assertion that the agency failed to give reasoned consideration to an issue." *Id.* The BIA "does not give reasoned consideration to a claim when it misstates the contents of the record, fails to adequately explain its rejection of logical conclusions,

or provides justifications for its decision which are unreasonable and which do not respond to any arguments in the record." *Id.*

Joseph contends that we retain jurisdiction to review whether the BIA violated binding precedent by failing to consider his rehabilitation when balancing the positive and negative equities in this case. He argues that the BIA must address rehabilitation if an applicant has a criminal history, particularly where, as here, that criminal history was central to the denial of cancellation relief.

Here, the BIA did not apply an improper legal standard or fail to give reasoned consideration to Joseph's claim. The BIA referenced several of its binding prior precedents, including *Marin* and *Silva Trevino*, and then conducted a review of positive and negative factors relevant to Joseph's claim, citing to the IJ's findings of fact, the transcript of the merits proceeding, and Joseph's brief and motion for remand. Among the positive factors, the BIA noted the length of Joseph's U.S. residency, his status as a lawful permanent resident, his family ties in the United States, including his recent marriage, his co-ownership of a home, his care for his mother, and his positive employment history. The BIA then reviewed the facts of his criminal history, ultimately concluding that the seriousness of his criminal history outweighed the positive equities in the case. *See Matter of Marin*, 16 I. & N. Dec. at 584 (stating that the agency is required to "balance the positive and adverse matters" on the record as a whole).

Although the BIA did not expressly reference Joseph's rehabilitation, the BIA is not required to address each piece of evidence individually. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010). And the preceding paragraph shows that the BIA considered the issues raised and announced its decision in a way that demonstrates that it "heard and thought and not merely reacted." *Id.* (quotation marks omitted). We cannot say that Joseph's rehabilitation evidence—taking classes while incarcerated and not engaging in other criminal conduct[1], while certainly laudable—is so significant that its absence from the BIA's decision "cast[s] doubt on whether the [BIA] considered that evidence in the first place." *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1336 (11th Cir. 2019) (holding that a BIA decision lacked reasoned consideration where its "failure to discuss 'highly relevant' evidence" led to illogical conclusions). That omission does not lead us to conclude that the BIA disregarded its own precedent by failing to consider the totality of the evidence. We therefore deny the petition in this regard.

Finally, we may not review simply whether the BIA "fail[ed] properly to weigh the factual scenario . . . presented." *Alvarez Acosta*, 524 F.3d at 1196–97. So to the extent Joseph maintains that the BIA failed to give proper weight to his

---

[1] Joseph casts his net more broadly and asserts that evidence of rehabilitation also includes "work[ing] two jobs to meet his family obligations." But it's not clear that this framing helps him because the BIA expressly considered that evidence in its decision.

9

rehabilitation, we lack jurisdiction to review that argument. *See id.* Accordingly, we dismiss the petition in this regard.

## III.

Joseph next argues that the BIA abused its discretion by denying his motion to remand to consider new evidence of his recent marriage and the resulting hardship to his wife and her son. Joseph argues that the BIA failed to give reasoned consideration to the motion because its decision was ambiguous about whether it relied on the IJ's adverse credibility finding and it failed to explain why, if the case was "close," the new evidence did not tip the scales in his favor.

When a motion to remand seeks to introduce new evidence, it is treated as a motion to reopen. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1301 (11th Cir. 2001); *see* 8 C.F.R. § 1003.2(c)(4). We ordinarily review the denial of a motion to reopen an immigration proceeding for an abuse of discretion. *Al Najjar*, 257 F.3d at 1302.

The BIA may deny a motion to reopen for at least three reasons: "1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." *Id.* With regard to the third reason, the BIA will deny a motion to remand "if it "conclude[s] that [its] decision on the appeal would be the same even if the proffered

10

evidence were already part of the record on appeal." *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992).

Where we lack jurisdiction to review a final order of removal, however, we also lack jurisdiction to review the denial of a motion to reopen that order. *Guzman-Munoz v. U.S. Attorney Gen.,* 733 F.3d 1311, 1314 (11th Cir. 2013). Because our jurisdiction to review denials of motions to reopen derives from our jurisdiction to review final orders, "it follows that the jurisdiction-stripping provisions of § 1252(a)(2)(B)(i) must apply to appellate-court review of . . . denials of motions to reopen." *Id.* Otherwise petitioners could evade jurisdictional bars "simply by raising § 1229(b) arguments on motions to reopen." *Id.*

Here, we see no ambiguity in the BIA's decision that demonstrates a failure to give reasoned consideration. In conducting a *de novo* review of the positive and negative factors of the case, the BIA specifically addressed Joseph's new evidence, including his recent marriage and the fact that an additional hardship to family members may be present. It then concluded that the negative factors still outweighed the positive. For purposes of that review, the BIA assumed that Joseph was credible. It therefore follows the BIA concluded that, even assuming Joseph was credible, its decision on appeal would be the same even if the new evidence were already part of the record. *See Matter of Coelho*, 20 I. & N. Dec. at 473. This was, according to BIA precedent, a permissible reason to deny the motion to remand. *See id.*

11

The BIA did not need to go further and explain in detail why, if the case was "close," the new hardship evidence did not tip the balance in Joseph's favor. After all, the BIA described the case as "close" only after considering Joseph's new evidence. Despite Joseph's claims that the BIA was required to do more, we are satisfied that the BIA considered the issues and announced its decision in terms sufficient to show that it "heard and thought and not merely reacted." *Ayala*, 605 F.3d at 948. And, again, we lack jurisdiction to review arguments about "how the BIA weighed the facts in the record." *See Jimenez-Galicia*, 690 F.3d at 1210.

**IV.**

For the reasons stated, we deny the petition for review to the extent Joseph argues that the BIA failed to apply the proper legal standard or give reasoned consideration to his case. We dismiss the petition to the extent Joseph challenges the BIA's discretionary decision to deny cancellation of removal despite his statutory eligibility.

**PETITION DENIED IN PART; DISMISSED IN PART.**