[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13625
Non-Argument Calendar

_____

Agency No. A208-549-322

ELISEO SALAZAR-YANEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 29, 2020)

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Eliseo Salazar-Yanez, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals's (BIA) dismissal of his appeal from an Immigration Judge's (IJ) denial of his application for cancellation of removal. Salazar-Yanez argues that the IJ did not consider certain factors in the aggregate that were relevant to whether he met the "exceptional and extremely unusual hardship" prong of his application. The government, in turn, argues that we lack jurisdiction to review Salazar-Yanez's challenges to the BIA's dismissal of his application because the Immigration and Nationality Act (INA) bars appellate review of the BIA's discretionary decision to deny cancellation of removal. We agree that we lack jurisdiction to review Salazar-Yanez's claims and dismiss his petition.

**I**

Salazar-Yanez was charged with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled—he conceded his removability and applied for cancellation of removal. Assuming that Salazar-Yanez had established good moral character,[1] the IJ denied his application for cancellation of removal on two grounds—first, because Salazar-

---

[1] On appeal, Salazar-Yanez argues that we should remand his case to the BIA so that it can determine whether the IJ erred in finding that he did not have good moral character. This argument is without merit, as the IJ didn't make that finding—rather, she explicitly stated that her analysis was made under the assumption that Salazar-Yanez *did* have good moral character.

2

Yanez hadn't demonstrated that his removal would cause "exceptional and extremely unusual hardship to a qualifying relative," and second, "as a matter of discretion." Salazar-Yanez appealed this ruling to the BIA, which affirmed the IJ's ruling on the "exceptional and extremely unusual hardship" ground alone.[2]

## II

The Attorney General may, in his discretion, grant cancellation of removal to an alien who establishes (1) that he "has been physically present in the United States" continuously for at least ten years; (2) that he "has been a person of good moral character"; (3) that he "has not been convicted of" certain crimes; and (4) that his "removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(A)–(D). Under the INA's discretionary decision bar, however, we lack jurisdiction to review certain discretionary decisions, including orders denying cancellation of removal. *Id.* § 1252(a)(2)(B). We have specifically held that an "exceptional and extremely unusual hardship determination is a discretionary decision not subject to

---

[2] On appeal, Salazar-Yanez argues that we should remand this case because the BIA did not review the IJ's alternative denial of his application as a matter of discretion. The BIA was not required to rule on this alternative ground, as the IJ's unusual hardship finding was dispositive. *See* 8 U.S.C. § 1229b(b)(1); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.") This argument, therefore, has no merit.

review." *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1333 (11th Cir. 2003).

Nevertheless, we retain jurisdiction to review an order where the petitioner presents "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283–84 (11th Cir. 2007). But challenges to denials of cancellation of removal based on a petitioner's "fail[ure] to demonstrate 'exceptional and extremely unusual hardship' . . . are not constitutional claims or questions of law because what constitutes an 'exceptional and extremely unusual hardship' is itself a discretionary determination." *Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 549–50 (11th Cir. 2011) (quotations omitted). A petitioner may not create jurisdiction "simply by cloaking an abuse of discretion argument in constitutional garb." *Arias*, 482 F.3d at 1284 (internal quotation marks and citation omitted). "We have no jurisdiction to consider garden-variety abuse of discretion arguments about how the BIA weighed the facts in the record." *Jimenez-Galicia v. U.S. Att'y Gen.*, 690 F.3d 1207, 1210–11 (11th Cir. 2012) (internal quotation marks and citation omitted).

### III

Here, we lack jurisdiction to review Salazar-Yanez's challenges to the BIA's dismissal of his petition, as he has not alleged any colorable constitutional claims or questions of law. Specifically, Salazar-Yanez's arguments that the BIA failed to

consider the relevant facts "in the aggregate" and apply its precedent in *Matter of Recinas*, 23 I & N Dec. 467 (B.I.A. 2002), merely challenge the BIA's factual findings pertaining to its hardship determination.  Accordingly, we dismiss Salazar-Yanez's petition without proceeding to the merits of his arguments on appeal.

**PETITION DISMISSED.**